No.  96-580

IN THE SUPREME COURT OF THE STATE OF MONTANA

1997

CLEVE LONEY,

Plaintiff and Appellant,

v.

HAROLD VAN DYE,

Defendant and Respondent.

APPEAL FROM:   District Court of the Fourth Judicial District,
In and for the County of Missoula,
The Honorable John Henson, Judge Presiding.

COUNSEL OF RECORD:

For Appellant:

Michael R. Tramelli, Great Falls, Montana

For Respondent:

Gregory C. Black, Corette, Pohlman & Kebe, Butte,
Montana

Submitted on Briefs: February 20, 1997

Decided: March 4, 1997

Filed:

_____
Clerk

Chief Justice J. A. Turnage delivered the Opinion of the Court.

Cleve Loney appeals from the July 26, 1996, opinion and order of the Fourth Judicial District Court, Missoula County, granting Harold Van Dye's motion for summary judgment and denying Loney's motion for summary judgment.  We affirm.

We restate the following issues raised by Loney on appeal:

1.   Did the District Court err when it determined that  27-2-206, MCA, barred Loney's malpractice claim?

2.   Did the District Court err when it granted summary judgment based on res judicata?

3.   Did the District Court err when it ruled that the only allegation of malpractice raised in the pleadings was Dye's failure to file a declaration of homestead?

4.   Did damages result from Dye's failure to file a declaration of homestead?

BACKGROUND

This case arises from Dye's legal representation of Loney in bankruptcy proceedings.  Additional facts are contained in Loney v. Milodragovich, Dale & Dye, P.C. (1995), 273 Mont. 506, 905 P.2d 158.

Loney filed a complaint on May 6, 1993, alleging that Dye was negligent and breached his implied contract with Loney by failing to file a declaration of homestead in Loney's bankruptcy.  In an amended answer, Dye asserted numerous affirmative defenses, including statute of limitations and res judicata.  Dye moved for summary judgment, arguing that Loney's claim was barred by res judicata.  The District Court denied the motion because it determined that there was a genuine issue of material fact regarding when Loney should have known of the facts giving rise to his legal malpractice claim.

Subsequently Loney's deposition was taken.  Dye learned when Loney discovered Dye's failure to file the declaration of homestead.  Dye filed a second motion for summary judgment, again arguing res judicata and also arguing that Loney's claim was barred by the statute of limitations for legal malpractice contained at 27-2-206, MCA.  Loney also moved for summary judgment.

The District Court granted Dye's motion for summary judgment on the issues of res judicata and statute of limitations, and denied Loney's motion for summary judgment.  It concluded that Loney alleged additional claims of malpractice not properly raised

in the pleadings.  Loney appeals.

## DISCUSSION

### Did the District Court err when it determined that  27-2-206, MCA, barred Loney's malpractice claim?

We review summary judgment orders de novo.  Spain-Morrow Ranch, Inc. v. West (1994), 264 Mont. 441, 444, 872 P.2d 330, 331.  Summary judgment is proper only when no genuine issue of material fact exists and the moving party is entitled to a judgment as a matter of law.  Rule 56(c), M.R.Civ.P.  Spain-Morrow Ranch, 872 P.2d at 331-32.

Section 27-2-206, MCA, provides:

Actions for legal malpractice.  An action against an attorney licensed to practice law in Montana or a paralegal assistant or a legal intern employed by an attorney based on the personþs alleged professional negligent act or for error or omission in the personþs practice must be commenced within 3 years after the plaintiff discovers or through the use of reasonable diligence should have discovered the act, error, or omission, whichever occurs last, but in no case may the action be commenced after 10 years from the date of the act, error, or omission.

It is the knowledge of facts, rather than the discovery of legal theories, that is the test for tolling the statute of limitations in a legal malpractice action.  Burgett v. Flaherty (1983), 204 Mont. 169, 173, 663 P.2d 332, 334.

The testimony from Loney's deposition establishes that on March 6, 1990, he discovered Dye's failure to file the declaration of homestead.  The applicable statute of limitations,  27-2-206, MCA, began running and expired three years later.  Because Loney did not file his complaint alleging legal malpractice until May 6, 1993, more than three years after he discovered Dye's failure to file the declaration of homestead, his claim is barred by  27-2-206, MCA.

We hold that the District Court did not err when it determined that  27-2-206, MCA, barred Loney's malpractice claim.  Because we so hold, we decline to address the remaining issues raised on appeal.  The District Court's order granting Dye's motion for summary judgment is affirmed.

/S/  J. A.  TURNAGE


We concur:

/S/  WILLIAM E. HUNT, SR.
/S/  JAMES C. NELSON
/S/  TERRY N. TRIEWEILER

96-580

/S/  W. WILLIAM LEAPHART