No. 98-594

IN THE SUPREME COURT OF THE STATE OF MONTANA

1999 MT 176

295 Mont. 254

983 P.2d 925

ROBERT L. JOHNSON,

Plaintiff and Appellant,

v.

STEPHEN M. BARRETT,

Defendant and Respondent.

APPEAL FROM: District Court of the Tenth Judicial District,

In and for the County of Fergus,

The Honorable Thomas M. McKittrick, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Brad A. Schreiber; Quinn, Eiesland, Day & Barker, Belle Fourche,

South Dakota

For Respondent:

Keith Strong, John A. Kützman; Dorsey & Whitney, Great Falls,

Montana

Submitted on Briefs: April 8, 1999

Decided: July 27, 1999

No

Filed:

_____

Clerk


Justice Karla M. Gray delivered the Opinion of the Court.


**¶1. Robert L. Johnson (Johnson) appeals from the order of the Tenth Judicial District Court, Fergus County, granting the motion for summary judgment made by Stephen M. Barrett (Barrett). We affirm.**

**¶2. The sole issue on appeal is whether the District Court erred in granting Barrett's motion for summary judgment.**

## BACKGROUND

**¶3. In May of 1989, a vehicle-pedestrian accident resulted in the death of Ruth Eatinger (Eatinger). Eatinger's estate and survivors hired Johnson, a licensed attorney, to probate the estate and pursue wrongful death and survival claims against the driver of the vehicle that struck Eatinger. The heirs subsequently hired a different attorney to represent them and sued Johnson for conversion of settlement proceeds in the tort actions. One of Johnson's defenses was that he had asserted an attorney's lien against the settlement proceeds. After a trial in August of 1993, the jury rendered a verdict for the survivors and awarded them compensatory and punitive damages. Johnson appealed.**

**¶4. One of the issues Johnson raised on appeal related to a jury instruction not given**

by the trial court. Noting that the focal point of his defense was an attorney's retaining lien, he contended that the trial court erred in instructing the jury on attorneys' charging liens, rather than attorneys' retaining liens, notwithstanding the fact that his counsel had offered only an instruction on attorneys' charging liens. We concluded that Johnson's failure to object to the instruction given barred his right to assert error in that regard. In addition, observing that Johnson's counsel stated he thought the language in the instruction on charging liens was broad enough to cover Johnson's defense, we refused to allow Johnson to benefit from an alleged error he created. We affirmed the trial court's judgment. Eatinger v. Johnson (1994), 269 Mont. 99, 106, 887 P.2d 231, 236.

¶5. On December 19, 1996, Johnson filed a complaint for legal malpractice against Barrett, who had represented him in the *Eatinger* conversion action, alleging Barrett was negligent in not submitting an instruction on attorneys' retaining liens and that his negligence resulted in the adverse jury verdict. Barrett filed an answer denying Johnson's allegations and asserting several affirmative defenses, including that Johnson's action was barred by the applicable statute of limitations.

¶6. Barrett subsequently filed a combined motion for summary judgment based on the statute of limitations and for Rule 11, M.R.Civ.P., sanctions against Johnson for including frivolous allegations for an improper purpose in his complaint. With regard to the statute of limitations, Barrett contended that Johnson knew of the facts which formed the basis for his legal malpractice claim as early as August 26, 1993, the date the jury rendered its verdict, but not later than December 9, 1993, when-- after Barrett had provided the jury instructions submitted on Johnson's behalf at trial--he advised Barrett by letter for the second time to put Barrett's malpractice insurer on notice. Johnson argued that, while he knew no attorney's retaining lien instruction had been given, he did not know of Barrett's act of omission regarding the attorney's retaining lien instruction until he received a transcript of the instruction settlement conference on or after December 22, 1993. The parties fully briefed the motions and presented oral arguments.

¶7. The District Court granted Barrett's motion for summary judgment, concluding that Johnson was aware of the facts essential to his cause of action against Barrett as early as August 26, 1993, but no later than December 9, 1993, and that his complaint-- filed December 19, 1996--was not filed within the three-year statute of limitations for legal malpractice actions. Johnson appeals.

## SUMMARY JUDGMENT AND STANDARD OF REVIEW

**¶8. A district court reviews a summary judgment motion under Rule 56(c), M.R.Civ. P., which requires that judgment be rendered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." The party moving for summary judgment has the initial burden of establishing the absence of genuine issues of material fact. If that burden is met, the burden shifts to the nonmoving party to raise a genuine issue of material fact by more than mere denial or speculation. Stutzman v. Safeco Ins. Co. of America (1997), 284 Mont. 372, 376, 945 P.2d 32, 34 (citation omitted). All reasonable inferences which may be drawn from the offered proof must be drawn in favor of the party opposing summary judgment. *See* Schmidt v. Washington Contractors Group (1998), 290 Mont. 276, 280, 964 P.2d 34, 37 (citation omitted). Once a district court determines that no genuine factual issues exist, it then must determine whether the moving party is entitled to judgment as a matter of law. *Stutzman*, 284 Mont. at 376, 945 P.2d at 34 (citation omitted).**

**¶9. This Court's standard in reviewing a district court's summary judgment ruling is *de novo*. We use the same Rule 56, M.R.Civ.P., criteria applied by the district court. *Stutzman*, 284 Mont. at 376, 945 P.2d at 34 (citations omitted).**

## DISCUSSION

**¶10. Did the District Court err in granting Barrett's motion for summary judgment?**

**¶11. The statute of limitations applicable to legal malpractice actions is set forth in § 27-2-206, MCA:**

An action against an attorney licensed to practice law in Montana . . . based upon the person's alleged professional negligent act or for error or omission in the person's practice must be commenced within 3 years after the plaintiff *discovers or through the use of reasonable diligence should have discovered* the act, error, or omission . . . .

(Emphasis added.) When a statute of limitations issue relates to actual discovery, the test is knowledge of the facts essential to the legal malpractice claim, rather than discovery of legal theories. Loney v. Dye (1997), 281 Mont. 240, 242, 934 P.2d 169, 170 (citation

omitted). When the statute of limitations issue involves the time at which the plaintiff, through the use of reasonable diligence, should have discovered the facts, "[t]he test is whether the plaintiff has information of circumstances sufficient to put a reasonable person on inquiry, or has the opportunity to obtain knowledge from sources open to his or her investigation." Peschel v. Jones (1988), 232 Mont. 516, 525, 760 P.2d 51, 56 (citations omitted).

¶12. **In the present case, and drawing all reasonable inferences in favor of Johnson as the nonmoving party, the District Court determined that Johnson was aware of the facts underlying his legal malpractice claim no later than December 9, 1993, and that the three-year statute of limitations began to run at that time. Johnson asserts error.**

¶13. **Johnson contends that he was not aware of--that is, did not discover--the facts underlying his claim against Barrett until he received the transcript of the instruction settlement conference on or after December 22, 1993. It was only then, according to Johnson, that he knew Barrett had not offered an instruction on attorneys' retaining liens and, as a result, became aware of the facts underlying his legal malpractice claim. The problem with this contention is that, carried to its logical conclusion, Johnson could have delayed ordering the referenced transcript indefinitely, thereby delaying indefinitely the running of the applicable statute of limitations.**

¶14. **Moreover, on the record before us, it is clear that Johnson had received from Barrett by December 9, 1993, a copy of the instructions Barrett offered at trial. At that point, Johnson was aware that no attorneys' retaining lien instruction had been submitted on his behalf and, indeed, on that date, Johnson wrote his second letter to Barrett advising Barrett to put his malpractice carrier on notice. Particularly as an experienced attorney, it is disingenuous of Johnson to suggest that he was not aware, as of December 9, 1993, of the facts essential to his legal malpractice claim.** *See Loney*, **281 Mont. at 242, 934 P.2d at 170.**

¶15. **In addition, it is clear that Johnson had information of circumstances sufficient to put a reasonable person on inquiry regarding an omission by Barrett relating to instructions when he heard the District Court instruct the jury at the end of the trial.** *See Peschel*, **232 Mont. at 525, 760 P.2d at 56. He also had "the opportunity to obtain knowledge from sources open to his or her investigation" at that time or shortly thereafter, because the District Court file containing proposed and given**

instructions--a public record--was available for his review. *See Peschel*, 232 Mont. at 525, 760 P.2d at 56. On this record, Johnson should have discovered the facts relating to Barrett's omission on or immediately after August 26, 1993, through the use of reasonable diligence.

¶16. On this record, Johnson's legal malpractice claim accrued no later than December 9, 1993. He filed his action against Barrett on December 19, 1996. Applying the three-year statute of limitations set forth in § 27-2-206, MCA, we conclude that Johnson's legal malpractice action against Barrett was barred by the statute of limitations.

¶17. Johnson advances two other theories under which he contends the District Court erred in applying the statute of limitations. We address those theories only briefly.

¶18. First, relying on Monroe v. Harper (1974), 164 Mont. 23, 518 P.2d 788, *overruled in part by* Blackburn v. Blue Mountain Women's Clinic (1997), 286 Mont. 60, 75, 951 P.2d 1, 10, Johnson argues that the statute of limitations should be tolled because Barrett fraudulently concealed the facts regarding his failure to offer an attorney's retaining lien instruction. Johnson did not advance this theory in the District Court, however, and we do not address either issues raised for the first time on appeal or a party's change in legal theory. *See* Day v. Payne (1996), 280 Mont. 273, 276, 929 P.2d 864, 866 (citation omitted).

¶19. Johnson also advances a continuing tort theory under which he argues that actions of an alleged agent of Barrett subsequent to trial involving this Court's Commission on Practice tolled the statute of limitations until the date of the last injury from those actions. Johnson did not expressly plead a continuing tort in his complaint against Barrett, however; he alleged only that certain posttrial actions of an agent of Barrett "aggravated" his damages.

¶20. Moreover, Johnson's continuing tort theory is based on the allegation that his damages continued--and increased--for a lengthy period of time after the unfavorable jury verdict in *Eatinger* and, under such circumstances, the statute of limitations does not begin to run until the date of the last injury or damage. The plain language of § 27-2-206, MCA, however, requires that a legal malpractice action be commenced within three years after the plaintiff discovers or should have

discovered the allegedly negligent "act, error, or omission" at issue. That language does not permit an overlay of the continuing damage or injury theory advanced by Johnson here.

¶21. We conclude that the District Court did not err in granting Barrett's motion for summary judgment on the basis that Johnson's legal malpractice action was barred by the statute of limitations set forth in § 27-2-206, MCA.

¶22. Affirmed.


/S/ KARLA M. GRAY



We concur:


/S/ J. A. TURNAGE

/S/ JAMES C. NELSON

/S/ JIM REGNIER

/S/ TERRY N. TRIEWEILER