No. 05-124

IN THE SUPREME COURT OF THE STATE OF MONTANA

2006 MT 37

EARL HALL and RONALD HANSEN, individually,
and on behalf of others similarly situated,

            Petitioners and Appellants,

      v.

STATE OF MONTANA and THE PUBLIC EMPLOYEES'
RETIREMENT BOARD, an Agency of the State of Montana,

            Respondents and Respondents.

APPEAL FROM:    The District Court of the Third Judicial District,
                In and For the County of Deer Lodge, Cause No. DV 2004-149,
                Honorable Ted L. Mizner, Presiding Judge

COUNSEL OF RECORD:

        For Appellants:

            Sydney E. McKenna, Tornabene & McKenna, Missoula, Montana

            Allan M. McGarvey, McGarvey & McGarvey, Kalispell, Montana

        For Respondents:

            Hon. Mike McGrath, Montana Attorney General, Melanie A. Symons,
            Special Assistant Attorney General, Ali Bovingdon, Assistant Attorney
            General, Helena, Montana

                                    Submitted on Briefs:  September 28, 2005

                                              Decided:  February 22, 2006

Filed:

            _____
                                Clerk

Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1 Earl Hall and Ronald Hansen are retired firefighters who sued the State of Montana and the Public Employees' Retirement Board (PERB or the Board) claiming that the State and the PERB incorrectly calculated their compensation which resulted in inadequate monthly retirement benefits. The Third Judicial District Court dismissed their action holding that they had not filed their Complaint within the two-year statute of limitations. We affirm the District Court's dismissal, not on the statute of limitations' ground, but on the ground that the State and the PERB are not the proper defendants.

## ISSUE

¶2 A restatement of the issue on appeal is whether the District Court erred in dismissing Hall's and Hansen's action upon a Rule 12(b)(6), M.R.Civ.P. motion.

## FACTUAL AND PROCEDURAL BACKGROUND

¶3 Earl Hall (Hall) and Ronald Hansen (Hansen) are both retired Montana firefighters. Hall worked as a firefighter in Missoula and Hansen worked in Anaconda. While working, both men contributed to the Montana Firefighters' Unified Retirement System (FURS), and were fully vested members at the time of their respective retirements. Hansen retired in June 1990, and Hall retired on October 1, 2002. It is undisputed that since 1993 when the current Montana Public Employees' Retirement Act was enacted, and the current PERB[1] was created, the PERB and its administrative staff, Montana Public Employee Retirement Administration (MPERA), have been responsible for administering the various public

2

employee retirement funds, including FURS. The Board is an independent, seven-member board, appointed by the Governor to administer the FURS and seven other retirement systems. Section 2-15-1009, MCA (2001).

¶4    On October 13, 2004, Hall and Hansen filed a Complaint against the State of Montana and the Board alleging that the State and the PERB had incorrectly calculated their compensation at the time each man had retired. The calculation of final compensation is a matter of concern because these compensation calculations determine the amount of monthly retirement benefits a retiree receives.

¶5    Specifically, Hall and Hansen argued that the health insurance premiums paid by their employers on their behalf constituted "compensation" under the relevant statute. Hall and Hansen asserted that the State and the PERB failed to include the amount of these premiums in their calculation of compensation. As a result, they maintain, their respective monthly retirement benefits were lower than they would have been had these premiums been included in their compensation amount. The men claimed that the State and the PERB had committed this error with respect to the compensation calculations for firefighters across the State, except with respect to Bozeman firefighters. Therefore, they requested an order certifying a class of unfairly treated firefighters that they would represent in this action.

¶6    Both the State and the PERB filed motions to dismiss the action under Rule 12(b)(6), M.R.Civ.P. The PERB posited several arguments to the District Court. First, it argued that the applicable statute of limitations for retirement benefit challenges was two years from the

---

[1]    The current PERB is the successor to the Public Employees' Retirement Board created in 1971.

3

retiree's retirement date. It maintained that because the complaint was filed two years and eighteen days after Hall's retirement and more than fourteen years after Hansen's, the complaint should be dismissed for failure to state a claim for which relief is available.

¶7 The PERB also argued that it was not the proper defendant for Hall's and Hansen's claims. It maintained that under the applicable statutes, employers are responsible for providing the PERB with employee reports consisting of, among other things, employee names, compensation paid, hourly rates, and changes in pay status. The PERB asserted that it is the responsibility of the employers participating in FURS, and not the PERB, to report compensation properly. In other words, the firefighters' dispute was with their employers, and not the PERB. Hall and Hansen countered to the District Court that the PERB was a proper defendant, citing numerous statutes granting the PERB broad powers and duties in the administration of the State's retirement systems.

¶8 Lastly, the PERB submitted that Hall and Hansen had failed to exhaust their administrative remedies and that their employers, the cities of Missoula and Anaconda, should have been joined as necessary defendants. With the exception of the "joinder of necessary defendants" argument, the State adopted the arguments set forth in the PERB's supporting brief.

¶9 The District Court concluded that Hall and Hansen had failed to file their complaint within the applicable two-year statute of limitations. On this basis, it granted the PERB's and the State's motions and dismissed the action. It agreed, however, to convert the Motion to Dismiss to a Motion for Summary Judgment if Hall or Hansen wished to contest their

4

retirement dates. Neither man chose to do so; instead they appealed the Order of dismissal. The firefighters claim error in the dismissal. The State and the PERB argue that dismissal was correct, both on statute of limitations grounds and because they were not the proper defendants in this case in the first instance.

## STANDARD OF REVIEW

¶10 We review *de novo* a district court's ruling on a motion to dismiss pursuant to Rule 12(b)(6), M.R.Civ.P. *Orr v. State*, 2004 MT 354, ¶ 9, 324 Mont. 391, ¶ 9, 106 P.3d 100, ¶ 9 (citations omitted). "A motion to dismiss under Rule 12(b)(6), M.R.Civ.P., has the effect of admitting all well-pleaded allegations in the complaint. In considering the motion, the complaint is construed in the light most favorable to the plaintiff, and all allegations of fact contained therein are taken as true." *Orr*, ¶ 9. We will affirm the district court's dismissal if we conclude that the plaintiff would not be entitled to relief based on any set of facts that could be proven to support the claim. *Orr*, ¶ 9. The determination of whether a complaint states a claim is a conclusion of law, and the district court's conclusions of law are reviewed for correctness. *Orr*, ¶ 9.

¶11 Additionally, we will affirm a district court's ruling if the court reaches the correct result, even if for the wrong reason. *Camarillo v. State*, 2005 MT 29, ¶ 19, 326 Mont. 35, ¶ 19, 107 P.3d 1265, ¶ 19.

## DISCUSSION

¶12 Although the parties briefed and argued all defenses raised by the defendants in the District Court, the District Court concluded that Hall and Hansen had failed to file their

Complaint within the applicable two-year statute of limitations. In that regard, Hall and Hansen argued to the District Court and on appeal that the "installment rule" applies and with each incorrect monthly benefit payment, the statute of limitations begins anew. In addition, Hall, the more recent retiree, argued that should this Court conclude the two-year statute of limitations applies, he should be given an opportunity on remand to establish that he did not receive his first retirement benefit check until after October 18, 2002, and that therefore his October 18, 2004, Complaint was filed in a timely manner. Because we conclude that the State and the PERB are not the correct defendants in this case, we decline to address the installment rule argument or Hall's request for remand.

¶13 As indicated above, Hall and Hansen were vested members in FURS. FURS is a public pension plan for Montana firefighters employed by first- and second-class cities and other cities that wish to adopt the plan. Section 19-13-210, MCA (2001). In 1981, the Legislature created FURS to grant a retirement, disability, or death benefit to plan members and their beneficiaries. Section 19-13-101, MCA (2001). FURS is a defined benefit retirement system, meaning the benefits retirees receive are based on their years of service and their final average compensation. Section 19-13-704, MCA (2001). Only vested members (those who contributed to FURS for more than five years) who meet the minimum service requirements or age provisions are entitled to retirement benefits.

¶14 Membership in FURS is mandatory for all full-time firefighters employed by cities providing coverage under the FURS, and begins on a firefighter's first day of employment. Contributions into the FURS are paid by each firefighter, by their city employers, and by the

State of Montana. Sections 19-13-601, -604, and -605, MCA (2001). Every month, the firefighter's contribution, based on a percentage of his or her compensation, is transmitted to MPERA for deposit into the firefighter's account. In addition, each employer contributes an amount equal to a statutorily-specified percentage of their total FURS-covered payroll to the pension trust fund. Employer contributions are non-refundable and provide "pooled" funds for retirement, disability, and death benefits. Section 19-13-605, MCA, (2001). Lastly, the State of Montana annually contributes an amount equal to a specified percentage of the total compensation paid each year to all FURS members. These State contributions are made to the retirement trust fund by the State Auditor. Section 17-7-502, MCA; Section 19-13-604, MCA, (2001).

¶15     Within five days after each regularly occurring payday, participating employers must submit an "Employer Report" to MPERA. Section 19-2-506, MCA (2001); Rule 2.43.404(1), ARM. Each report must include the employee's full name, social security number, current home address, compensation paid, hourly rates and actual hours for which the employee received compensation, any changes in pay status, the employee's regular contribution, additional contributions if any, and any other data concerning employees that the Board requires in order to administer the specific retirement system or plan. The names of any employees who terminated during the pay period must also be reported. Section 19-2-506, MCA (2001); Rule 2.43.404(2), ARM. Additionally, each report must be accompanied by the statutorily-required employer and employee contributions to the retirement system. Rule 2.43.404(1), ARM. The administrative rules also establish the manner in which

7

employer reporting errors should be disclosed to MPERA in order to facilitate a correction to an employee's retirement account. Rule 2.43.404(4) and (5), ARM.[2]

¶16    In determining the amount of a monthly retirement benefit, MPERA utilizes a formula that includes a percentage factor, the number of years of service, and the firefighter's final average compensation, which is the average of the firefighter's final thirty-six months of compensation. As noted above, the higher a member's final average compensation, the higher his or her monthly retirement benefit. Because Hall's and Hansen's employers did not include in their reported compensation to MPERA the monthly insurance premiums the employers paid on behalf of Hall and Hansen, their monthly retirement benefit amount is less than it would have been had such premiums been included. Hall and Hansen complain that their "reduced" monthly benefits are derived from the State's or the PERB's faulty calculation of their "final average compensation."

¶17    We have not addressed such a claim in the past; therefore, this is a case of first impression. Under Title 19, Chapter 2, the Public Employee's Retirement Act, the PERB has broad statutory duties to administer the various retirement plans throughout Montana, including FURS, as provided for in Title 19, Chapter 13. However, in the course of administering the many retirement plans available in Montana, MPERA and the PERB rely on the information provided by individual participating employers. Hall and Hansen maintain that "the State and PER Board construed the meaning of 'compensation' to include

---

[2] The regulations summarized here are the currently constituted regulations. Many of these rules were revised and renumbered in 2003, but the pre-2003 regulations imposed the same substantive

8

insurance premiums for the retired firefighters in Bozeman, but not for [them]." However, under the plain language of the reporting statutes and regulations, it is the responsibility of the employers to provide MPERA with "compensation" amounts. Neither the State, nor the PERB or MPERA are required by statute or administrative rule to determine compensation amounts for individual members. Nor are they required to exercise oversight or audit employers for the accuracy of the employer-submitted information.

¶18    In support of their argument, Hall and Hansen cite the language of § 19-2-403(5), MCA (2001), which provides:

> The [B]oard shall determine and may modify retirement benefits under the retirement systems. Benefits may be paid only if the board decides, in its discretion, that the applicant is, under the provisions of the appropriate retirement system, entitled to the benefits.

Hall and Hansen further argue that under § 19-2-403(6), MCA (2001), in matters in which the Board has discretion, "the board shall treat all persons in similar circumstances in a uniform and nondiscriminatory manner." Essentially, Hall and Hansen claim that under these two statutes, the Board was obligated to calculate the amount of their compensation and benefits, and reconcile the amounts paid to them as compensation with the amounts paid to others in the system. We cannot agree.

¶19    As noted above, there is no provision in the statutes or the administrative rules that imposes upon the Board or the State the responsibility of calculating the amount of each member's compensation. Section 19-2-506, MCA (2001), imposes upon the *employer* the

obligations on employers.

obligation to submit member compensation information to MPERA. On the other hand, §§ 19-2-403(5) and (6), MCA (2001), apply, by their terms, only to the Board's duty to determine and modify the *benefits* payable to the employees; these statutes say nothing of the Board's responsibility to calculate compensation. In order to interpret these statutes as urged by plaintiffs, we would be required to insert into them language not therein contained. This we cannot do. Section 1-2-101, MCA.

¶20    In the case before us, the PERB determined that Hall and Hansen were entitled to benefits under FURS, and began paying them benefits upon retirement in accordance with the reports of compensation provided by their respective employers. If these "Employer Reports" were in error, Hall and Hansen should have sought relief from their employers, whose responsibility it was to correctly calculate and report their compensation amounts. Their remedy under these circumstances does not lie with the PERB or the State. Thus, the District Court did not err in dismissing their claims.

## CONCLUSION

¶21    Having concluded that the District Court correctly dismissed Hall's and Hansen's claims, albeit for a different reason, we affirm the District Court.


/S/ PATRICIA COTTER


We Concur:

/S/ KARLA M. GRAY
/S/ W. WILLIAM LEAPHART
/S/ JOHN WARNER
/S/ JIM RICE
/S/ JAMES C. NELSON
/S/ BRIAN MORRIS