No. 05-493

IN THE SUPREME COURT OF THE STATE OF MONTANA

2006 MT 150

_____

ROBERT JOHN GUEST,

        Plaintiff and Appellant,

    v.

MARK McLAVERTY, d/b/a MARK McLAVERTY
ASSOCIATES, P.L.L.C., f/d/b/a MANSCH & McLAVERTY,
P.L.L.P., f/d/b/a MANSCH, McLAVERTY & BECARRI,
L.L.C.,

        Defendants and Respondent.

_____

APPEAL FROM:    District Court of the Fourth Judicial District,
                     In and for the County of Missoula, Cause No. DV-04-875
                     The Honorable Ed McLean, Judge presiding.


COUNSEL OF RECORD:

        For Appellants:

                David E. Stenerson, Stenerson Law Office, P.C., Hamilton, Montana

        For Respondents:

                Brian L. DeLaney, Delaney & Delaney, Missoula, Montana

_____

Submitted on Briefs:  April 19, 2006

Decided:  July 5, 2006

Filed:

_____
                     Clerk

Justice John Warner delivered the Opinion of the Court.

¶1 Plaintiff Robert Guest filed his complaint in the District Court for the Fourth Judicial District, Missoula County, on September 23, 2004. He alleged that during 2001, Defendant Mark McLaverty, an attorney, was negligent in his representation of Guest and he sustained damages as a result. McLaverty filed a Rule 12(b)(6), M.R.Civ.P., motion to dismiss the complaint based on the statute of limitations found at § 27-2-206, MCA. The District Court granted McLaverty's motion and Guest now appeals. We affirm.

¶2 We review *de novo* a district court's ruling on a motion to dismiss pursuant to Rule 12(b)(6), M.R.Civ.P. *Hall v. State*, 2006 MT 37, ¶ 10, 331 Mont. 171, ¶ 10, 130 P.3d 601, ¶ 10. A motion to dismiss under Rule 12(b)(6), M.R.Civ.P., has the effect of admitting all well-pled allegations in the complaint. *Hall*, ¶ 10. The complaint is construed in the light most favorable to the plaintiff. *Hall*, ¶ 10. We will affirm the district court's dismissal only if we conclude that the plaintiff would not be entitled to relief based on any set of facts that could be proven to support the claim. *Hall*, ¶ 10. The determination of whether a complaint states a claim is a conclusion of law, and the district court's conclusions of law are reviewed for correctness. *Hall*, ¶ 10.

¶3 McLaverty represented Guest by appointment as a public defender in connection with his charges of felony aggravated kidnapping and two counts of felony assault with a weapon, in Ravalli County. The representation commenced April 6, 2001. The last work McLaverty did for Guest was August 22, 2001, when he and Guest appeared before the District Court; Guest entered a guilty plea and was then released from jail on his own recognizance.

2

¶4    Upon his release, Guest, having been displeased with the services of McLaverty for some time, retained other counsel on September 23, 2001. However, in Guest's complaint he makes no allegation that McLaverty did anything that could be construed as negligent after August 22, 2001.

¶5    The statute of limitations applicable to legal malpractice actions is set forth in § 27-2-206, MCA:

> An action against an attorney licensed to practice law in Montana . . . based upon the person's alleged professional negligent act or for error or omission in the person's practice must be commenced within 3 years after the plaintiff discovers or through the use of reasonable diligence should have discovered the act, error, or omission . . . .

One has discovered, or through the use of reasonable diligence should have discovered, the act, error, or omission, when one has information of circumstances sufficient to put a reasonable person on inquiry regarding the act or omission. *Johnson v. Barrett*, 1999 MT 176, ¶ 11, 295 Mont. 254, ¶ 11, 983 P.2d 925, ¶ 11. This test requires knowledge of the facts essential to the legal malpractice claim, rather than the discovery of legal theories. *Johnson*, ¶ 11. Specifically, the court determines whether the plaintiff had "the opportunity to obtain knowledge from sources open to his or her investigation at that time or shortly thereafter[.]" *Johnson*, ¶ 15 (internal quotation omitted).

¶6    Guest filed his malpractice complaint against McLaverty on September 23, 2004. This was more than three years after McLaverty performed his final services for Guest. Guest was aware of the majority of the underlying facts supporting his allegations of negligence, prior to August 22, 2001. However, Guest argues that he did not learn of several pertinent facts until his new attorney received his client file from McLaverty on

November 2, 2001. Guest therefore claims the statute of limitations could not have started to run until his new attorney received the client file. Further, Guest argues that he could not be expected to have the professional legal experience to know he had a potential malpractice claim against McLaverty, prior to the time he retained a new attorney and was informed of the potential claims.

¶7 The allegations of the complaint make it clear that prior to August 22, 2001, Guest was aware that: McLaverty only visited him on a few occasions and each occasion for a short period of time; McLaverty would not accept telephone calls from Guest while he was incarcerated and instructed him to write letters instead; and finally, he repeatedly pled with McLaverty to perform his own investigation into the allegations. We determine that this was "sufficient to put a reasonable person on inquiry regarding an [act or] omission." *See Johnson*, ¶ 15. It is clear from Guest's complaint that he was dissatisfied with McLaverty by the time he was released from jail on August 22, 2001. This was further evidenced by the fact that he fired McLaverty and hired a new attorney shortly after being released from jail.

¶8 The fact that Guest, prior to hiring his new attorney, may have lacked the legal expertise to know he may have had a malpractice claim is irrelevant in this analysis. *Johnson*, ¶ 11. Thus, Guest's contention that the statute of limitations cannot begin to run until he "realized the acts and omissions complained of constituted legal malpractice[,]" is incorrect.

¶9 Guest cites *Watkins Trust v. Lacosta*, 2004 MT 144, 321 Mont. 432, 92 P.3d 620, for the proposition that: "[i]f a legal transaction is beyond the understanding of a

4

layperson and the date of discovery is disputed, summary judgment is not appropriate." (Internal quotation omitted). He claims he did not understand that he had a malpractice claim, and thus the statute of limitations did not begin to run until he realized that he did. *Watkins*, however, is clearly distinguishable. The facts of that case involved highly complex issues in estate and tax planning. *Watkins*, ¶ 43. We concluded that a trustee, even though she had been provided with a copy of the trust, could not have known, as a matter of law, that her attorney had erred in telling her that the trust was revocable.[1] *Watkins*, ¶ 43. The record in *Watkins* established that the trust involved "would be very difficult for the average layperson to understand[,]" and further "[the expert] testified that even as an estate and tax planning expert, he had to spend many hours reading the [t]rust agreement before he could understand it." *Watkins*, ¶ 12. Thus, it was determined that the point at which the trustee should have known the facts at issue, was itself a question of fact. *See Watkins*, ¶ 41. Yet the analysis still focuses on "when the facts should have been knowable[;]" not when the trustee should have known that a potential malpractice claim existed. *Watkins*, ¶ 41. In this case, unlike the trustee in *Watkins*, Guest knew substantially all of the salient facts by the time McLaverty preformed his final services, on August 22, 2001.

¶10    Further, on August 22, 2001, Guest was released from jail, and thus, at least by this date, had the opportunity to obtain knowledge from sources open to his or her investigation at that time or shortly thereafter. *See Johnson*, ¶ 15. Section 27-2-206,

---

[1] In *Watkins*, we applied the "discovery rule." *Watkins*, ¶¶ 40-41. Essentially, one's failure to discover the attorney's purported negligence may be excused because of the complexity of the legal transaction involved. *Watkins*, ¶ 41.

MCA, gave him three years from August 22, 2001, within which to make inquiry and file a complaint.  He did not do so.

¶11    Finally, McLaverty represented Guest by appointment as a public defender, under a contract between himself and Ravalli County to employ counsel to represent indigent defendants in criminal cases.  Guest argues that, as a third party beneficiary of the public defender contract, he is entitled to damages as a result of McLaverty's breach of such contract because he did not provide competent legal services.  Thus, he claims that the District Court erred in dismissing his contract claim, as it was timely filed within the applicable statute of limitations.[2]

¶12    However, § 27-2-206, MCA, specifically provides that an action based on an error or omission in a lawyer's practice must be commenced within three years.  The claims against McLaverty are all based on alleged professional errors and omissions.  A plaintiff cannot, simply by virtue of mislabeling a claim for relief, change the gravamen of the action and secure a longer period of limitation.  *Demarest v. Broadhurst*, 2004 MT 147, ¶ 14, 321 Mont. 470, ¶ 14, 92 P.3d 1168, ¶ 14; *see also Erickson v. Croft* (1988), 233 Mont. 146, 153, 760 P.2d 706, 710 ("The gravamen of a claim, not the label attached, controls the limitations period to be applied to that claim).

¶13    Guest's claims all sound in legal malpractice, and because they were not brought within three years of the time within which he discovered, or through the use of reasonable diligence should have discovered the acts, errors, or omissions constituting the alleged malpractice, they are barred by § 27-2-206, MCA.

---

[2] Guest does not specify which statute of limitations applies to his contract claim.

6

¶14    Affirmed.

/S/ JOHN WARNER

We Concur:

/S/ JIM RICE
/S/ JAMES C. NELSON
/S/ PATRICIA COTTER
/S/ W. WILLIAM LEAPHART