DA 06-0726

IN THE SUPREME COURT OF THE STATE OF MONTANA

2007 MT 220

DENNIS DRUFFEL and BARBARA DRUFFEL,

      Petitioners and Appellants,

  v.

BOARD OF ADJUSTMENT, SUBDIVISION
OF THE CITY OF MISSOULA,

      Relators and Respondents.

APPEAL FROM:    District Court of the Fourth Judicial District,
                   In and For the County of Missoula, Cause No. DV-06-331
                   Honorable John W. Larson, Presiding Judge

COUNSEL OF RECORD:

      For Appellants:

      James P. O'Brien, Attorney at Law, Missoula, Montana

      For Respondents:

      Jim Nugent and Keithi M. Worthington, Attorneys at Law, Missoula,
      Montana

Submitted on Briefs:  July 11, 2007

Decided:  September 5, 2007

Filed:

_____
                           Clerk

Justice Brian Morris delivered the Opinion of the Court.

¶1 Dennis Druffel and Barbara Druffel (the Druffels) appeal from the order of the Fourth Judicial District, Missoula County, dismissing their petition for appeal. We reverse in part and affirm in part.

¶2 The Druffels present the following issues for review:

¶3 1. Whether the Druffels possess standing to appeal the Missoula City Board of Adjustment decision.

¶4 2. Whether the District Court properly dismissed the Druffels' appeal for failure to state a claim.

## BACKGROUND AND PROCEDURAL FACTS

¶5 The Missoula City Board of Adjustment (the Board) granted a zoning variance to property owner Glen Moyer (Moyer) for his lot at 2702 Thames Street, Missoula. The variance allowed Moyer to build a residence on the 4,800-square-foot lot despite particular zoning restrictions that require a minimum lot size of 5,400 square feet to build a dwelling.

¶6 The Druffels live more than two blocks from Moyer's property. They filed in District Court an application for writ of certiorari and petition to appeal the Board's decision. The Druffels alleged that the Board's variance approval constituted an abuse of discretion that violated the Druffels' due process rights, Montana law, and Missoula City ordinances. The court issued the writ of certiorari and ordered the Board to submit certified transcripts of the record and proceedings surrounding the Board's decision.

¶7 The Board submitted the certified copies and moved to dismiss the Druffels' appeal under M. R. Civ. P. 12(b)(6) for failing to state a claim upon which relief can be granted. The Board argued that the Druffels lacked standing to pursue such an appeal based on the

2

fact that the Druffels are not landowners involved in the Board's decision or neighboring landowners. The Board also challenged the Druffels' standing based on their failure to establish any specific harm or prejudice that would result from the Board's grant of the variance.

¶8 The court granted the Board's motion to dismiss. The court concluded that the Druffels lacked standing to appeal the Board's decision based on the fact that the Druffels alleged no injury other than a deprivation "of their right to orderly development of property zoned as residential." The court alternatively dismissed the Druffels' appeal under M. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. The Druffels appeal.

## STANDARD OF REVIEW

¶9 A district court's ruling on standing constitutes a conclusion of law. We review for correctness a district court's conclusions of law. *Sunburst School Dist. No. 2 v. Texaco, Inc.*, 2007 MT 183, ¶ 28, 338 Mont. 259, ¶ 28, ___ P.3d ___, ¶ 28. We review *de novo* a district court's ruling on a motion to dismiss for failure to state a claim under M. R. Civ. P. 12(b)(6). *Guest v. McLaverty*, 2006 MT 150, ¶ 2, 332 Mont. 421, ¶ 2, 138 P.3d 812, ¶ 2.

## DISCUSSION

¶10 *Whether the Druffels possess standing to appeal the Missoula City Board of Adjustment decision.*

¶11 The Druffels argue that the District Court improperly concluded that they lacked standing to challenge the Board's decision. The Druffels maintain that they possess standing under § 76-2-327, MCA. This statute grants "any taxpayer" the right to petition a court of record to set forth alleged illegalities in the Board's decision. Section 76-2-327(1), MCA.

3

The Druffels point to *Stewart v. Bd. of Cty. Com'rs of Big Horn Cty.,* 175 Mont. 197, 200, 573 P.2d 184, 186 (1977), in arguing this Court long has held that taxpayers possess standing to challenge "the legality of public acts" even when no specific statutory authority exists to maintain an action. The Druffels maintain that *Stewart*, coupled with the legislature's express grant of taxpayer standing in § 76-2-327, MCA, confers standing upon them to appeal the Board's decision.

¶12 The Board counters that the Druffels must allege some type of specific harm regardless of any statutory grant of standing in § 76-2-327, MCA. The Board cites to a number of cases, including *Chovanak v. Matthews*, 120 Mont. 520, 188 P.2d 582 (1948), *Carbon County v. Schwend*, 182 Mont. 89, 594 P.2d 1121 (1979), and *Fleenor v. Darby School Dist.*, 2006 MT 31, 331 Mont. 124, 128 P.3d 1048, to support its position that taxpayers generally lack standing to enforce a public right or redress a public wrong absent an allegation of harm. The Board also relies on *Stewart* to contend that the Druffels, in order to have standing to sue a governmental entity, must "allege past, present or threatened injury to a property or civil right" that differs from an injury to the general public. *Stewart*, 175 Mont. at 201, 573 P.2d at 186.

¶13 None of the cases on which the Board relies entail actions brought under a specific statutory grant of standing. For instance, *Chovanak* concerns a taxpayer's constitutional challenge to a statute. *Chovanak*, 130 Mont. at 522-23, 188 P.2d at 583. We held in *Carbon County* that an individual taxpayer cannot enforce a public right or redress a public injury by appeal where the taxpayer suffers only an injury common to all other taxpayers. *Carbon County*, 182 Mont. at 98-99, 594 P.2d at 1127. *Fleenor* involves a taxpayer's action brought against a school district for an alleged violation of the right-to-know provision of the

4

Montana Constitution. The taxpayer had failed to allege any injury in her complaint, let alone an injury unique to her, and thus we held that she lacked standing to challenge the school district's action. *Fleenor*, ¶¶ 11-12. No statute authorized the taxpayer actions in *Chovanak*, *Fleenor*, and *Carbon County*.

¶14    Moreover, the Druffels, unlike the plaintiffs in *Stewart*, do not bring suit against a governmental entity. The Druffels instead request judicial review of the Board's decision. We recognized in *Stewart* that the concept of standing arises from two different doctrines: first, discretionary doctrines intended to manage judicial review of the legality of public acts and, second, constitutional doctrines drawn from Article III of the United States Constitution. *Stewart,* 175 Mont. at 200, 573 P.2d at 186.

¶15    The United States Supreme Court explained in *Sierra Club v. Morton*, 405 U.S. 727, 731-32, 92 S. Ct. 1361, 1364-65 (1972), the requirements to meet standing under the judicial review doctrine. The Court determined that where

> Congress has authorized public officials to perform certain functions according to law, and has provided by statute for judicial review of those actions under certain circumstances, the inquiry as to standing must begin with a determination of whether the statute in question authorizes review at the behest of the plaintiff.

*Sierra Club*, 405 U.S. at 732, 92 S. Ct. at 1364-65.

The Court first examined the words of the particular statute under which the parties sought review. The Court then determined whether the party seeking review could be brought within the meaning of the statute by considering whether the party alleged sufficient facts to show a direct stake in the outcome. *Sierra Club*, 405 U.S. at 739, 92 S. Ct. at 1368.

¶16    No question exists here as to whether the Druffels fall within the meaning of the statute that grants parties the authority to petition for judicial review. Section 76-2-327(1),

MCA, specifically authorizes "any person or persons, jointly or severally, aggrieved by any decision of the board of adjustment or *any taxpayer* or any officer, department, board, or bureau of the municipality" to petition a court of record to set forth allegations of illegality in the Board's decision. (Emphasis added). We must construe statutes as written. *Mont. for Justice v. State ex rel. McGrath*, 2006 MT 277, ¶ 53, 334 Mont. 237, ¶ 53, 146 P.3d 759, ¶ 53. We neither insert that which has been omitted nor omit that which has been inserted. Section 1-2-101, MCA. "The plain language of the statute controls our interpretation if the legislative intent can be determined from the plain meaning of the words used." *Boettcher v. Montana Guar. Fund*, 2007 MT 69, ¶ 19, 336 Mont. 393, ¶ 19, 154 P.3d 629, ¶ 19.

¶17 The plain meaning of § 76-2-327, MCA, reveals the legislature's intent to grant two classes of parties the right to petition the district court concerning alleged illegalities in the Board's decision. The statute first grants any persons, even those who do not qualify as taxpayers of the municipality, the right to petition for review of the Board's decision if they have been aggrieved by such decision. Section 76-2-327(1), MCA. The statute also grants "*any taxpayer* or any officer, department, board, or bureau of the municipality" the right to petition for review. Section 76-2-327(1), MCA. (Emphasis added). The legislature, through the plain language of § 76-2-327, MCA, granted the Druffels standing, as taxpayers of the municipality, to petition for review of the Board's decision. We reverse the court's decision that the Druffels lacked standing to file a petition for judicial review under § 76-2-327, MCA.

¶18 *Whether the District Court properly dismissed the Druffels' appeal for failure to state a claim.*

6

¶19 We address first the Druffels' procedural argument that M. R. Civ. P. 12(b)(6) represents a "nonsensical claim" in an appeal to the district court. The Druffels point out that their claim involves an appeal, not a civil action to which the Montana Rules of Civil Procedure would apply. They assert that, even if the motion to dismiss constituted proper procedure, the Board waived its right to pursue such a motion under M. R. Civ. P. 12(b)(6) in light of the fact that the Board filed the motion after the court had issued the writ of certiorari. The Druffels argue that § 76-2-327, MCA, compels the court, upon issuing the writ of certiorari, to review the Board's decision for an abuse of discretion.

¶20 The Montana Rules of Civil Procedure "do not supersede the provisions of statutes relating to appeals to or review by the district courts, but shall govern procedure and practice" relating to the appeal to the district court insofar as the rules of civil procedure are not inconsistent with such statutes. M. R. Civ. P. 81(b). The Druffels' appeal made its way to the District Court by a writ of certiorari issued under § 76-2-327, MCA. Section 76-2-327, MCA, sets forth the specific procedures in the event of an appeal of the Board's decision.

¶21 Section 76-2-327(2), MCA, requires the Board to submit to the court certified copies of the documents involved in the proceedings. The Board also may set forth "such other facts as may be pertinent and material" to the grounds of the decision from which the adverse party takes an appeal. Section 76-2-327(2), MCA. The statute further provides the court with discretion to take testimony and evidence as it deems necessary.

¶22 Nothing in M. R. Civ. P. 12(b)(6) conflicts with the procedures for review outlined in § 76-2-327, MCA. In fact, § 76-2-327(2) allows the Board the opportunity to raise "such other facts" concerning the appeal. The Board presented "such other facts" in the form of a motion to dismiss based on its allegations that the Druffels' petition failed to meet the

7

requirements for review allowed under § 76-2-327, MCA. We conclude that the District Court properly considered the Board's motion to dismiss pursuant to M. R. Civ. P. 12(b)(6) in light of the fact that M. R. Civ. P. 12(b)(6) presents no inconsistency with § 76-2-327, MCA. M. R. Civ. P. 81(b).

¶23 We next consider whether the court correctly dismissed the Druffels' appeal for failure to state a claim. The Druffels argue that the petition was "well pled" upon facts showing that the Board's decision constituted an abuse of discretion. The Druffels contend that they met the statutory requirements for filing a petition by specifically setting forth alleged illegalities that may have flawed the Board's decision.

¶24 A petitioner may challenge only the legality of the Board's decision under § 76-2-327, MCA. The petitioner must file a verified petition "specifying the grounds of the illegality." Section 76-2-327(1), MCA. In considering a motion to dismiss, we construe the complaint in the light most favorable to the plaintiff, taking all allegations of fact in the complaint as true. *Hall v. State*, 2006 MT 37, ¶ 10, 331 Mont. 171, ¶ 10, 130 P.3d 601, ¶ 10. We will affirm the district court's dismissal if we conclude that the plaintiff would not be entitled to relief based on any set of facts that could be proven to support the claim. *Guest*, ¶ 2.

¶25 The Druffels' petition alleges that the Board failed to place the burden of proof on Moyer to prove all of the elements for a variance as required by § 76-2-323, MCA, and Missoula City Ordinance § 19.84.020. The Druffels contend the Board wrongfully considered proof offered by the City of Missoula Office of Planning and Grants staff report.

¶26 Section 76-2-323, MCA, and Missoula City Zoning Ordinance § 19.84.020, set forth the powers of the Board to consider an appeal. Nothing in § 76-2-323, MCA, mentions burden of proof for the granting of a variance. Section 19.84.020 establishes that the

8

appealing party must present sufficient evidence to establish a record. The provision does not preclude the Board, however, from considering the city's staff report as part of such record. No set of facts could support the Druffels' claim that the Board failed to enforce the burden of proof.

¶27 The Druffels also argue that the Board neglected its duty to consider whether Moyer must comply with a 20-foot setback requirement on his backyard under Missoula City Zoning Ordinances despite the variance granted on the lot size. The Druffels fail to recognize, however, that an exception to the setback requirement under Missoula City Zoning Ordinance § 19.04.220 applies to Moyer's lot. Section 19.04.220 provides an exception to the 20-foot setback requirement for a backyard where the parcel is a corner lot and contains a front yard and a side yard. Moyer's corner lot contains a front yard and a side yard and the Board properly determined that § 19.04.220 required no backyard under those circumstances. The Druffels' petition fails to state a claim upon which relief can be granted even when taking all the allegations contained in the petition in the light most favorable to the Druffels. *Hall*, ¶ 10.

¶28 The Druffels next allege that the Board violated their constitutional due process rights by rendering its decision before the March 22, 2006, hearing on Moyer's variance request. The record attached to the Druffels' petition, however, shows that the Board granted approval of the variance at the March 22, 2006, hearing. No set of facts alleged in the Druffels' petition supports their claim that Moyer's variance had been granted before the hearing date. *Guest*, ¶ 2.

## CONCLUSION

¶29    We conclude that the District Court improperly determined that the Druffels lacked standing to pursue an appeal of the Board's decision. Section 76-2-327, MCA, specifically conferred standing to the Druffels, as taxpayers of the municipality, to challenge the legality of the Board's decision. We further conclude that the District Court properly dismissed the Druffels' petition, however, pursuant to M. R. Civ. P. 12(b)(6), for failure to state a claim upon which relief could be granted.

/S/ BRIAN MORRIS

We Concur:

/S/ KARLA M. GRAY
/S/ JAMES C. NELSON
/S/ JOHN WARNER
/S/ W. WILLIAM LEAPHART