

DA 13-0819

IN THE SUPREME COURT OF THE STATE OF MONTANA

2014 MT 180N

RAY SVALESON,

       Plaintiff and Appellant,

  v.

SUZANNE MARSHALL,

       Defendant and Appellee.

APPEAL FROM:    District Court of the First Judicial District,
In and For the County of Lewis and Clark, Cause No. DDV-2012-88
Honorable James P. Reynolds, Presiding Judge

COUNSEL OF RECORD:

       For Appellant:

       John C. Doubek, Doubek, Pyfer & Fox, LLP, Helena, Montana

       For Appellee:

       Suzanne Marshall, Self-Represented, Bozeman, Montana

Submitted on Briefs:  June 4, 2014
Decided:  July 8, 2014

Filed:

_____
                     Clerk

Justice James Jeremiah Shea delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 The issue before this Court is whether Appellant Ray Svaleson's (Svaleson) claim for legal malpractice against Appellee, attorney Suzanne Marshall (Marshall), is barred by the applicable three-year statute of limitations set forth in § 27-2-206, MCA.

¶3 In 2007 Svaleson was charged with several offenses, including a felony count of driving under the influence of alcohol (DUI). Marshall was assigned as Svaleson's public defender. In April of 2008, Svaleson entered a guilty plea to felony DUI and related charges.

¶4 After becoming dissatisfied with Marshall's representation, Svaleson hired attorney Solomon Neuhardt (Neuhardt). Neuhardt began advising Svaleson in July or August of 2008. After retaining Neuhardt, Svaleson moved to withdraw his guilty plea on October 24, 2008. On January 7, 2009, Svaleson filed an affidavit in support of his Motion to Withdraw Plea of Guilty, in which he stated:

1. At the time Ms. Marshall was my appointed counsel, she told me that I did not stand a chance and that I should plead guilty to the charge of felony DUI and get it over with.

2. [Marshall] said that the District Attorney had it in for me and that there was nothing she could do.

2

3. Ms. Marshall did not investigate my prior DUI convictions.

4. I would not have pled guilty if I had known that viable defenses were available to me. I would have insisted upon going to trial as I am now trying to do.

¶5 On September 23, 2009, the District Court held an evidentiary hearing on Svaleson's Motion to Withdraw Plea of Guilty. On December 16, 2009, the District Court set aside Svaleson's original guilty plea and adopted a plea agreement Svaleson had entered into with the State.

¶6 On February 6, 2012, Svaleson filed a legal malpractice action against Marshall in the First Judicial District Court, Lewis and Clark County. Marshall moved to dismiss the Complaint, alleging that Svaleson's claims were barred by the three-year statute of limitations set forth in § 27-2-206, MCA. In response to Marshall's motion, Svaleson argued that his claim was timely because he was not aware that he had a claim for malpractice against Marshall until December of 2009 when the District Court ruled that he could withdraw his guilty plea.

¶7 The District Court converted Marshall's Motion to Dismiss to a Motion for Summary Judgment, and granted her Motion on November 7, 2013. The District Court found that Svaleson's February 2012 Complaint was not filed within the three-year statute of limitations prescribed by § 27-2-206, MCA, because "as of July and August of 2008, Svaleson was advised that Marshall had made mistakes in advising him, the same mistakes he alleges in his legal malpractice claim." Because Svaleson knew substantially all of the salient facts about Marshall's allegedly negligent acts or omissions by August

3

2008, the District Court reasoned that Svaleson's Complaint filed in February 2012 was not timely.

¶8 We review de novo a district court's ruling on a motion for summary judgment. *McVey v. USAA Cas. Ins. Co.*, 2013 MT 346, ¶ 15, 372 Mont. 511, 313 P.3d 191. A party is entitled to summary judgment if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." M. R. Civ. P. 56(c)(3).

¶9 Section 27-2-206, MCA, provides, in pertinent part: "An action against an attorney licensed to practice law in Montana . . . must be commenced within 3 years after the plaintiff discovers or through the use of reasonable diligence should have discovered the act, error, or omission, whichever occurs last."

¶10 With respect to the discovery element of this statute, we have held:

> One has discovered, or through the use of reasonable diligence should have discovered, the act, error, or omission, when one has information of circumstances sufficient to put a reasonable person on inquiry regarding the act or omission. This test requires knowledge of the facts essential to the legal malpractice claim, rather than the discovery of legal theories.

*Guest v. McLaverty*, 2006 MT 150, ¶ 5, 332 Mont. 421, 138 P.3d 812 (citations omitted).

¶11 Svaleson argues that his claim for legal malpractice was timely filed on February 6, 2012, because the three-year statute of limitations under § 27-2-206, MCA, did not begin to run until his guilty plea was actually withdrawn by the District Court on December 16, 2009. Svaleson claims he did not "appreciate" or "discover" Marshall's malpractice until that time. However, as the District Court noted in granting summary

4

judgment in favor of Marshall, "[A]s of July and August of 2008, Svaleson was advised that Marshall had made mistakes in advising him, the same mistakes he alleges in his legal malpractice claim." Specifically, Svaleson was advised in July and August of 2008 that Marshall had negligently advised him to plead guilty to a felony DUI. It was this knowledge that prompted Svaleson to move to withdraw his guilty plea in October of 2008. When the District Court allowed Svaleson to withdraw his guilty plea, it may have validated his belief that Marshall had given him bad advice. However, it did not cause his claim to accrue at that time or impart any new knowledge essential to his legal malpractice claim.

¶12 We have determined to decide this case pursuant to Section I, Paragraph 3(d), of our Internal Operating Rules, which provides for noncitable memorandum opinions. The issues in this case are legal and are controlled by settled Montana law, which the District Court correctly interpreted. It is manifest on the face of the briefs and record before us that the three-year statute of limitations in § 27-2-206, MCA, bars Svaleson's claim for legal malpractice against Marshall.

¶13 Affirmed.

/S/ JAMES JEREMIAH SHEA

We Concur:

/S/ MICHAEL E WHEAT
/S/ PATRICIA COTTER
/S/ BETH BAKER
/S/ JIM RICE

5