FILED

06/13/2017

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 16-0749

DA 16-0749

IN THE SUPREME COURT OF THE STATE OF MONTANA

2017 MT 147N

IN RE THE GRANDPARENT-GRANDCHILD
CONTACT OF T.B., L.B., H.B. AND K.B.

MICHAEL BURKE AND CHRISTINE TEAGUE,

Petitioners and Appellants,

v.

RACHEL BURKE,

Respondent and Appellee.

APPEAL FROM:     District Court of the Eleventh Judicial District,
In and For the County of Flathead, Cause No. DR-15-275(D)
Honorable David M. Ortley, Presiding Judge

COUNSEL OF RECORD:

For Appellants:

Jamie J. McKittrick, Wells & McKittrick, PC, Missoula, Montana

For Appellee:

Katherine P. Maxwell, Maxwell Law, PLLC, Kalispell, Montana

Submitted on Briefs:  May 31, 2017

Decided:  June 13, 2017

Filed:

_____
Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2     Michael Burke and Christine Teague appeal from a December 1, 2016 District Court order granting summary judgment in favor of Rachel Burke. We affirm.

¶3     Michael Burke and Christine Teague (Grandparents) are the paternal grandparents of T.B., L.B., H.B., and K.B. (the children). Rachel Burke (Burke) is the children's mother. The parents divorced in 2014. The children's father (Father) later committed suicide in Burke's Kalispell home, within earshot of the two older children. The Grandparents are separated; Michael lives in Missoula and Christine lives in North Dakota. Because of the history of family trauma, Burke had requested supervised visitation. Burke and Grandparents have been unable to agree on visitation between the children and Grandparents. Grandparents filed a Petition for Grandparent/Extended Family Visitation on April 30, 2015, attaching the affidavits of Michael Burke, Christine Teague, and Erin Krause. Burke filed a M. R. Civ. P. 12(b)(6) Motion to Dismiss for failure to state a claim upon which relief could be granted. The District Court converted it, by order of the Court, into a Motion for Summary Judgment and provided notice to the parties to file briefs and

responses. On December 1, 2016, the District Court granted summary judgment in favor of Burke. The Grandparents appeal.

¶4 The District Court's conversion of the Motion to Dismiss into a Motion for Summary Judgement was error. Following the conversion, the parties filed additional pleadings and briefs. The District Court order granted summary judgment, but also made extensive findings of fact. A motion for summary judgment may be granted only if no genuine issues of material fact are present. *Roe v. City of Missoula*, 2009 MT 417, ¶ 14, 354 Mont. 1, 221 P.3d 1200. The District Court's ruling should have been reached based on the Motion to Dismiss as filed, and we will review the issue as if the court had granted the Motion to Dismiss.

¶5 We review de novo a district court's ruling on a motion to dismiss pursuant to M. R. Civ. P. 12(b)(6). *Hall v. State*, 2006 MT 37, ¶ 10, 331 Mont. 171, 130 P.3d 601. The determination of whether a complaint states a claim is a conclusion of law, and the district court's conclusions of law are reviewed for correctness. *Guest v. McLaverty*, 2006 MT 150, ¶ 2, 332 Mont. 421, 138 P.3d 812. In an order to dismiss, if as a matter of law, under any view of the alleged facts, plaintiffs cannot prevail, "affirmance of the District Court is commanded." *Commonwealth Edison Co. v. State*, 189 Mont. 191, 194, 615 P.2d 847, 849 (1980).

¶6 This Court will construe the complaint in the light most favorable to the Grandparents. *Guest,* ¶ 2. The well-pleaded allegations are treated as admitted. *Guest,* ¶ 2. A motion to dismiss allows a district court to only examine whether a claim has been adequately stated in the complaint. *Hoveland v. Petaja,* 252 Mont. 268, 270, 828 P.2d 392,

393 (1992). From the petition, we ascertain the following facts: Grandparents are the biological paternal grandparents to T.B., L.B., H.B., and K.B. Grandparents are loving and caring individuals who seek to have a relationship with their grandchildren after the death of their son. The Grandparents have spent considerable time with the children attending religious, extracurricular, and sports activities. Grandparents and the children spent holidays and special occasions together. Grandparents provided monetary support and gifts to the children. Grandparents (particularly Michael) spent significant time with the children after the parents' divorce, as Father was living with Michael. The petition also notes that Burke has the children involved in grief counseling with the Nurturing Center in Kalispell. Burke told the Grandparents that the center had advised her "that contact was not in the children's best interest" at that time. Grandparents believe Burke is improperly denying them access to and communication with the children. Grandparents believe Burke will cut them out of the children's lives absent a court order for visitation.

¶7 Section 40-9-102, MCA, provides the basis in law for a grandparent's right to reasonable contact with a grandchild. Where a parent objects to the grandparent-grandchild contact, the District Court must determine if that parent is "fit." Section 40-9-102(2), MCA. Here, there is no question of the parental fitness of Burke. Both parties have stipulated Burke is a fit parent. Once determined fit, the statute creates a presumption that the parent's wishes are in the best interest of the child. Section 40-9-102(4), MCA.

¶8 To overcome the parental presumption, the petitioner must provide the district court with clear and convincing evidence that the contact is in the best interest of the child. Section 40-9-102(4), MCA; *Glueckert v. Glueckert*, 2015 MT 107, ¶ 10, 378 Mont. 507,

347 P.3d 1216. Clear and convincing evidence is more than a mere preponderance of the evidence, and requires evidence that is definite, clear and convincing. *Glueckert*, ¶ 10.

¶9 The District Court concluded that the Grandparents did not overcome the parental presumption. Viewing the alleged facts most favorably to the Grandparents and treating the asserted facts as true, we are unable to conclude the District Court's final order was incorrect. The evidence submitted by the Grandparents shows a strong bond between them and the children. However, it is not enough that there has been contact in the past between the Grandparents and the children. It is not enough that Grandparents find fault with Burke's parental decision regarding contact. The Grandparents have not alleged sufficient facts to override the parental presumption. As a matter of law, under the factual circumstances alleged, Grandparents cannot prevail. *Commonwealth*, 189 Mont. at 194, 615 P.2d at 849.

¶10 As we have previously stated, "we will uphold a district court when it reaches the correct result, regardless of the court's reasoning." *Smith v. Farmers Union Mut. Ins. Co.*, 2011 MT 216, ¶ 26, 361 Mont. 516, 260 P.3d 163 (citing *Stevens v. Novartis Pharms. Corp.*, 2010 MT 282, ¶ 28, 358 Mont. 474, 247 P.3d 244). The Grandparents have failed to meet the high bar required to establish a statutory right to reasonable contact under § 40-9-102, MCA. Burke's motion to dismiss should have been granted.

¶11 As a final note, we recognize that Burke has a fundamental liberty interest to make decisions concerning the care and custody of her children. *Snyder v. Spaulding*, 2010 MT 151, ¶ 19, 357 Mont. 34, 235 P.3d 578. However, everyone in this family has experienced a tragic loss. We clarify that this decision does not make one party the winner and one

5

party the loser.  We encourage all parties involved to focus on the children and work to provide a visitation regimen that is in the best interest of the children.

¶12     We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions.  In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.

¶13     Affirmed.

/S/ MIKE McGRATH

We Concur:

/S/ MICHAEL E WHEAT
/S/ JAMES JEREMIAH SHEA
/S/ DIRK M. SANDEFUR
/S/ JIM RICE