FILED

03/20/2018

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 17-0503

DA 17-0503

IN THE SUPREME COURT OF THE STATE OF MONTANA

2018 MT 48

IN RE THE PARENTING OF: L.R.S.

VICKI RAE SCHWARZ and QUENTIN
GOTFRIED SCHWARZ,

      Petitioners and Appellees,

   v.

AUSTIN SCHWARZ

      Respondent and Appellee,

KRISTY BROCKWAY,

      Respondent and Appellant.

APPEAL FROM:    District Court of the Sixth Judicial District,
                    In and For the County of Park, Cause No. DR-16-101
                    Honorable Jon A. Oldenburg, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

      Karl Knuchel, Aaron Brann, Karl Knuchel, P.C., Livingston, Montana

      For Appellees:

      Jami Rebsom, Jami Rebsom Law Office, P.L.L.C., Livingston, Montana

                           Submitted on Briefs:  February 14, 2018
                                    Decided:  March 20, 2018

Filed:

                          _____
                                        Clerk

Justice Laurie McKinnon delivered the Opinion of the Court.

¶1 Kristy Brockway, mother of minor child L.R.S., appeals from an order of the Sixth Judicial District Court, Park County, granting Vicki Rae Schwarz and Quentin Gotfried Schwarz, L.R.S.'s paternal grandparents, visitation. We reverse and remand for further proceedings.

¶2 We restate the issue on appeal as:

*Absent a consideration of whether the minor child's mother was fit, did the District Court err in awarding visitation, pursuant to § 40-4-228, MCA, to the child's paternal grandparents over mother's objection?*

## FACTUAL AND PROCEDURAL BACKGROUND

¶3 Kristy Brockway (Mother) and Austin Schwarz (Father) are L.R.S.'s parents. Mother and Father divorced when L.R.S. was a baby, and as part of their dissolution proceeding stipulated to a fifty-fifty parenting schedule. After the parties separated, Father lived with his parents, Vicki and Quentin Schwarz (Grandparents), and, accordingly, L.R.S. also lived with Grandparents during Father's parenting time. Father's brother, Tristan Schwarz, lived with Grandparents as well. Both Father and Tristan struggled with chemical dependency and addiction issues.

¶4 When Father's dependency problems came to light, Mother and Grandparents became concerned with Father's ability to parent L.R.S. Eventually, Father began an out-of-state inpatient treatment program and the District Court ordered that any contact between Father and L.R.S. needed to be approved by L.R.S.'s counselor. Grandparents remained close with L.R.S. and worked with Mother to facilitate visitation. The parties' relationship became strained, however. Mother did not want Tristan around L.R.S. and

2

further requested that Grandparents not discuss Father with L.R.S. Instead, she requested that Grandparents redirect any of L.R.S.'s questions about Father back to her. Mother observed that her instructions were not being followed, as L.R.S. had contact with Tristan and Grandparents discussed Father with L.R.S. Thus, Mother was no longer comfortable with L.R.S.'s contact with Grandparents and stopped allowing visitation.

¶5 Grandparents subsequently filed a petition in District Court, seeking visitation with L.R.S. After a hearing, the District Court issued an order awarding Grandparents visitation pursuant to § 40-4-228(3), MCA, finding that visitation with Grandparents was in L.R.S.'s best interests as analyzed under § 40-4-212, MCA. Mother appeals that order.

## STANDARD OF REVIEW

¶6 We review a district court's interpretation and application of statutes for correctness. *Polasek v. Omura*, 2006 MT 103, ¶ 8, 332 Mont. 157, 136 P.3d 519.

## DISCUSSION

¶7 Mother appeals the District Court's order awarding Grandparents visitation. She contends that the District Court misapplied Montana law by failing to determine her fitness as a parent before granting Grandparents visitation. Grandparents respond, arguing that the District Court did not have to determine whether Mother was a fit parent because they stipulated to the fact that she was. Thus, they contend that the District Court acted appropriately in granting them grandparent visitation with L.R.S.

¶8 Natural parents have "a fundamental constitutional right to make decisions concerning the care, custody, and control of their children." *Polasek*, ¶¶ 14-15 (quoting *Troxel v. Granville*, 530 U.S. 57, 66, 120 S. Ct. 2054, 2060 (2000)) (internal quotations

3

omitted); *accord Glueckert v. Glueckert*, 2015 MT 107, ¶ 11, 378 Mont. 507, 347 P.3d 1216; *In re C.T.C.*, 2014 MT 306, ¶ 18, 377 Mont. 106, 339 P.3d 54. Thus, it is presumed that "a fit parent's wishes are in the best interests of the child." *In re C.T.C.*, ¶ 14 (citing *Polasek*, ¶ 15, and *In re Grandparent/Grandchild Contact of C.A.G.*, 2014 MT 290, ¶¶ 12, 14, 376 Mont. 540, 337 P.3d 751). Given parents' constitutional rights to make decisions concerning the care, custody, and control of their children, courts must follow specific statutory guidelines when granting a nonparent's visitation request over a parent's objection. *Snyder v. Spaulding*, 2010 MT 151, ¶¶ 10-18, 357 Mont. 34, 235 P.3d 578 (explaining how, following our analysis in *Polasek*, the Legislature amended § 40-9-102, MCA, to better protect parents' constitutional rights).

¶9 There are multiple statutes regarding nonparent visitation requests and the petitioner's relationship with the child dictates which statute applies. On one hand, a "nonparent" may seek visitation with a child under § 40-4-228, MCA. On the other hand, and more specifically, a "grandparent" may seek visitation with a child under § 40-9-102, MCA. Under the rules of statutory interpretation as set forth in § 1-2-102, MCA, courts must apply the more specific provision, § 40-9-102, MCA, to a grandparent's visitation request. Accordingly, the District Court erred when it applied § 40-4-228, MCA, to grant Grandparents' visitation request.

¶10 Further, the District Court's order failed to give Mother's constitutional right as L.R.S.'s parent proper credence. Normal parenting plan standards do not apply to a grandparent's request for contact with his or her grandchild. *Snyder*, ¶¶ 10, 17-18. When a grandparent petitions for visitation over a parent's objection, a court must first "make a

determination as to whether the objecting parent is a fit parent." Section 40-9-102(2), MCA; *accord Polasek*, ¶ 15. Fitness is "determined on the basis of whether the parent adequately cares for the parent's child." Section 40-9-102(2), MCA. If a fit parent objects to grandparent contact, the court can grant contact only if it finds, "based upon clear and convincing evidence, that the contact with the grandparent would be in the best interest of the child and that the presumption in favor of the parent's wishes has been rebutted." Section 40-9-102(4), MCA; *accord Polasek*, ¶ 15; *In re C.A.G.*, ¶ 12.

¶11 Grandparents argue that they stipulated to Mother's fitness by not disputing that she was a fit parent, and therefore the District Court's order is sufficient. However, the record does not contain specific evidence of any such stipulation by Grandparents as to Mother's fitness; not disputing Mother's fitness is not the same as stipulating to her fitness. Even if the parties did stipulate that Mother was a fit parent, the District Court did not contemplate Mother's fitness in granting Grandparent's visitation request, which is required by § 40-9-102(2), MCA. Furthermore, the District Court still needed to follow the guidelines in § 40-9-102(4), MCA, for granting grandparent visitation. Accordingly, the District Court could only grant Grandparents visitation with L.R.S. upon finding, based on clear and convincing evidence, that contact with Grandparents was in L.R.S.'s best interests *and* that the presumption in favor of Mother's wishes was rebutted. *See* § 40-9-102(4), MCA. The District Court's findings, citing § 40-4-228(3), MCA, and applying § 40-4-212, MCA, best interest factors, are not sufficient. The District Court erred in failing to apply the correct statute and in failing to appropriately protect Mother's constitutional right to parent L.R.S. We therefore reverse and remand this case for further proceedings.

**CONCLUSION**

¶12    When considering whether grandparents are entitled to visitation over a parent's objection, courts must apply § 40-9-102, MCA. The District Court erred in applying § 40-4-228, MCA, to this case involving grandparent visitation, where § 40-9-102, MCA, is the controlling statute. When determining whether to order grandparent visitation, the court must "make a determination as to whether the objecting parent is a fit parent" based on "whether the parent adequately cares for the" child. Section 40-9-102(2), MCA. Then, visitation may only be granted over a fit parent's objection if the court finds that "contact with the grandparent would be in the best interest of the child and that the presumption in favor of the parent's wishes has been rebutted." Section 40-9-102(4), MCA. In this case, the District Court awarded Grandparents visitation without determining whether Mother was a fit parent and, assuming fitness, without rebutting a presumption in favor of her wishes. We reverse and remand for further proceedings consistent with this Opinion.

/S/ LAURIE McKINNON

We Concur:

/S/ MIKE McGRATH
/S/ DIRK M. SANDEFUR
/S/ JIM RICE

Justice Ingrid Gustafson, specially concurring.

¶13    While I concur with the majority that this matter should be reversed and remanded to the District Court for consideration as to whether Grandparents should be provided

6

visitation pursuant to § 40-9-102, MCA, I do not necessarily agree the District Court "failed to give Mother's constitutional right as L.R.S.'s parent proper credence" as stated by the majority.

¶14    It appears Grandparents did not assert Mother was unfit and, in fact, asserted at the hearing they sought only visitation. The District Court noted "both sides in this matter desire a set schedule, should the Court determine that visitation is in the best interests of L.R.S." Based on the parties' positions at the hearing and the District Court's Order on Parenting Plan thereafter, the District Court impliedly found Mother to be fit. The District Court then set forth several considerations in concluding visitation with Grandparents was in L.R.S.'s best interests. While the District Court may very well have reached the same conclusion with regard to grandparent-grandchild contact that it did, the District Court erred in not articulating how the specific standard set forth in § 40-9-102(4), MCA, for granting grandparent-grandchild contact was met. As such, I agree it is appropriate to reverse and remand for specific consideration under § 40-9-102, MCA.


                                        /S/ INGRID GUSTAFSON