Justice Laurie McKinnon delivered the Opinion of the Court.
¶ 1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.
¶ 2 Benette Ann Johnson (Mother) appeals from an order of the Thirteenth Judicial District Court, Yellowstone County, granting Eric Michael Johnson's (Father) motion to amend the parties' parenting plan. We affirm.
¶ 3 Mother is the biological parent of A.R.J., who is not Father's biological child but who Father historically treated as his daughter. In 2006, Mother and Father married and later had two children together, K.L.J. and S.S.J. Mother and Father divorced in 2012, at which time the District Court issued a parenting plan. The plan granted Mother primary parenting of the children and provided Father with supervised parenting time based on abuse allegations Mother brought against Father. Thereafter, substantial procedural history exists regarding the parties' parenting of the children, with multiple district court judges and a standing master presiding over the case at various times.
¶ 4 Relevant to this appeal is the District Court's grant of visitation to Mother's adoptive parents, the Bernhardts. In December 2013, the court issued an order granting the Bernhardts grandparent contact and visitation with the children pursuant to § 40-4-228, MCA. The order provided that the children spend five hours each Tuesday with the Bernhardts. Later, in July 2015, the court reaffirmed its December 2013 visitation order and further granted the Bernhardts make-up visitation time for times when the children were unavailable on Tuesday.
¶ 5 Also relevant to this appeal is the District Court's modification of the parties' parenting plan. In June 2014, the court amended the original 2012 parenting plan at Father's request, providing him unsupervised visitation. In 2015, the court appointed a Guardian Ad Litem (GAL). In November 2016, a standing master reaffirmed the June 2014 amended parenting plan. Thereafter, Mother frustrated Father's and the Bernhardts' time with the children, failed to keep Father apprised of the children's medical and educational statuses, and made unsubstantiated allegations of sexual and physical abuse against Father. In May 2017, Father filed a motion and brief asking the District Court to once again amend the parenting plan. Mother opposed the amendment and the court subsequently ordered the GAL to interview the minor children. Mother frustrated the GAL's attempts to interview the children, and on September 27, 2017, the GAL filed a motion for permission to interview the children at Father's residence. The court granted the motion but the GAL was unable to finish his interviews with the children until October 2, 2017.
¶ 6 One day later, on October 3, 2017, the court held its scheduled hearing on Father's motion to amend the June 2014 parenting plan. At the hearing, the GAL testified about the information he was able to compile over Mother's attempts to frustrate his interviews of the children. The court ultimately granted Father's request to amend the parenting plan, finding that a change in circumstances existed due to Mother's alienation of Father and that an amendment was in the children's best interests. The October 2017 parenting plan essentially reversed the parties' previous parenting arrangement. It provided that the children would live primarily with Father and visit Mother. Father worked nights and had a good relationship with the Bernhardts-he often stayed with them during his parenting time. Therefore, the court found that, if Father were called in to work at night when the children were sleeping at the Bernhardts, the Bernhardts could watch the children until the next morning. The court's order also reinforced the Bernhardts' Tuesday afternoon contact and visitation with the children.
¶ 7 Mother appeals the District Court's order modifying the parenting plan, raising three issues. First, Mother argues the District Court abused its discretion by modifying the parenting plan. When reviewing a district court's decision to modify a parenting plan, we review its findings for clear error. Jacobsen v. Thomas , 2006 MT 212, ¶ 13, 333 Mont. 323, 142 P.3d 859. Findings are clearly erroneous if they are not supported by substantial evidence, the court misapprehended the effect of the evidence, or our review of the record convinces us that a mistake was made. In re Marriage of Oehlke , 2002 MT 79, ¶ 17, 309 Mont. 254, 46 P.3d 49. When the findings upon which the court based its decision are not clearly erroneous, we will reverse a district court's decision only where the district court clearly abused its discretion. Oehlke , ¶ 9.
¶ 8 Section 40-4-219, MCA, provides that a court may, in its discretion, amend a prior parenting plan if it finds "that a change has occurred in the circumstances of the child and that the amendment is necessary to serve the best interest of the child." In determining what is in the children's best interest, the court may consider whether "one parent has willfully and consistently: (i) refused to allow the child to have any contact with the other parent; or (ii) attempted to frustrate or deny contact with the child by the other parent." Section 40-4-219(1)(d)(i)-(ii), MCA. The party seeking to modify a parenting plan carries a heavy burden of proof to show a change of circumstances. In re Marriage of D'Alton , 2009 MT 184, ¶ 11, 351 Mont. 51, 209 P.3d 251. However, a district court has broad discretion when considering a child's parenting. Child custody cases present a court with difficult decisions, and, accordingly, we presume the court carefully considered the evidence and made the correct decision. In re Marriage of Whyte , 2012 MT 45, ¶ 23, 364 Mont. 219, 272 P.3d 102.
¶ 9 We conclude the District Court's findings are not clearly erroneous, as they are supported by substantial evidence. The court found, based on substantial evidence, that: Mother frustrated and interfered with the children's relationship with Father and with the Bernhardts; Mother prevented all interaction between Father and K.L.J. and S.S.J.; Mother's claims that Father sexually and physically abused the children were without merit; and Mother frustrated Father's right to have knowledge and input about the children's education and healthcare. The District Court's findings demonstrate that a change in circumstances occurred and that amending the parenting plan was necessary to serve the children's best interests, especially in light of Mother's refusal to allow the children to have contact with Father. See § 40-4-219(1)(d)(i)-(ii), MCA. The District Court did not clearly err in its findings and we affirm its decision to modify the parenting plan.
¶ 10 Second, Mother argues the District Court violated her due process rights by providing the Bernhardts contact and visitation with the children. "[P]arents have a fundamental constitutional right to make decisions concerning the care, custody, and control of their children." In re C.T.C. , 2014 MT 306, ¶ 14, 377 Mont. 106, 339 P.3d 54 (internal quotations omitted). Accordingly, in the context of a grandparent's claim for visitation, courts presume that fit parents act in their child's best interest. Polasek v. Omura , 2006 MT 103, ¶¶ 14-15, 332 Mont. 157, 136 P.3d 519. Based on that presumption, before a court may grant a petition "for grandparent-grandchild contact over the objection of a parent whose parental rights have not been terminated, the court shall make a determination as to whether the objecting parent is a fit parent." Section 40-9-102(2), MCA. We have previously held that "nonparents" may seek visitation with a child under § 40-4-228, MCA, but that "grandparents" must seek visitation under the more specific statute, § 40-9-102, MCA. Schwarz v. Schwarz , 2018 MT 48, ¶ 9, 390 Mont. 366, 414 P.3d 285.
¶ 11 Mother contends the District Court violated her due process rights because it failed to determine her fitness before granting the Bernhardts contact and visitation with the children. See § 40-9-102, MCA. In December 2013, the court granted the Bernhardts contact and visitation with the children pursuant to § 40-4-228, MCA, the "nonparent" visitation statute and, in July 2015, followed-up with a second order regarding the Bernhardts visitation. In those orders, the court did not consider "grandparent" visitation under § 40-9-102, MCA, and did not determine Mother's fitness. However, Mother appealed neither the court's December 2013 order granting the Bernhardts grandparent contact and visitation nor the court's July 2015 follow-up order. She now only appeals the court's October 2017 order, which simply reinforced the court's previous orders granting grandparent contact and visitation. Accordingly, Mother waived her argument regarding the Bernhardts' contact and visitation. Because the issue is not appropriately before this Court, we decline to fault the lower court for failing to apply § 40-9-102, MCA, and determine Mother's fitness.
¶ 12 In further regard to the Bernhardts' contact with the children, Mother contends the court erred by allowing the Bernhardts to watch the children if Father is called in to work on nights when the children are sleeping at the Bernhardts'. Mother reasons that provision runs afoul of the parenting plan's right-of-first-refusal clause, which provides that, if one parent cannot personally watch the children for more than two and one-half hours during his or her parenting time, that parent must ask the other parent to watch the children before asking a third party. We conclude the District Court was within its discretion to provide that the Bernhardts could watch the children if Father was called in to work at night. See Whyte , ¶ 23 (stating that district courts have broad discretion in considering parenting issues).
¶ 13 Third, Mother argues the District Court denied her due process when it did not require the GAL to file a written report prior to the court's October 3, 2017 hearing regarding Father's motion to amend the parenting plan. Pursuant to § 40-4-205(5), MCA, a GAL must mail his report "to counsel and to any party not represented by counsel at least 10 days prior to the hearing." In this case, the GAL did not prepare a written report prior to the October 3, 2017 hearing. The District Court excused the GAL's failure to mail a written report, finding that Mother obstructed the GAL's ability to timely interview the children and present a written report. A review of the record confirms that Mother prohibited the GAL from timely interviewing the children and we conclude the District Court did not err by permitting the GAL to testify even though he had not yet prepared his written report.
¶ 14 Finally, we address the Bernhardts' request for Mother to pay their costs on appeal. We conclude an award of costs is not necessary in this case and accordingly decline the Bernhardts' request.
¶ 15 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. This appeal presents no constitutional issues, no issues of first impression, and does not establish new precedent or modify existing precedent.
¶ 16 Affirmed.
We concur:
MIKE McGRATH, C.J.
INGRID GUSTAFSON, J.
DIRK M. SANDEFUR, J.
JAMES JEREMIAH SHEA, J.