FILED

04/02/2024

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 23-0433

DA 23-0433

IN THE SUPREME COURT OF THE STATE OF MONTANA

2024 MT 74N

IN RE THE PARENTING OF A.M.O.,

Minor Child.

AVANLEE CHRISTINE OKRAGLY,

Petitioner and Appellee,

and

SEBASTIAN ALEXANDER KEITEL,

Respondent,

and

FREDERICK J. KEITEL, III,

Proposed Intervenor and Appellant.

APPEAL FROM:    District Court of the Thirteenth Judicial District,
In and For the County of Yellowstone, Cause No. DR 22-627
Honorable Donald L. Harris, Presiding Judge

COUNSEL OF RECORD:

For Appellant:

Frederick J. Keitel, III, Self-Represented, Palm Beach, Florida

For Appellee:

Joseph M. Raffiani, Raffiani Law Firm, PC, Billings, Montana

Submitted on Briefs:  February 28, 2024

Decided:  April 2, 2024

Filed:

_____
Clerk

Justice Beth Baker delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, we decide this case by memorandum opinion. It shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Frederick J. Keitel, III (Keitel) appeals the order of the Thirteenth Judicial District Court, Yellowstone County, denying his expedited motion to intervene pursuant to Montana Rule of Civil Procedure 24. We affirm.

¶3 Avanlee Okragley filed a petition in July 2022 to establish a parenting plan for her infant child A.M.O. Sebastian Keitel (Sebastian) is A.M.O.'s father. The District Court entered an interim parenting plan on January 11, 2023, following a hearing held earlier that week. The interim parenting plan included the condition that Sebastian not leave A.M.O. unattended with Keitel, who is Sebastian's father and A.M.O.'s grandfather.

¶4 Keitel filed an expedited motion to intervene on May 8, 2023. In his motion, Keitel requested that the District Court vacate the interim parenting plan restriction regarding his contact with A.M.O., asserting that he "has a significant protectable interest in the action, under Montana MCA 40-9-102[.]" Keitel acknowledged in his motion that he had not filed a motion for grandparent-grandchild contact under § 40-9-102, MCA, at the time of his filing.

¶5 When Keitel filed his motion to intervene, the parties were scheduled to have a hearing on the final parenting plan on May 22, 2023. A week before the scheduled hearing, however, Avanlee and Sebastian filed a stipulated final parenting plan. The District Court adopted the stipulated final parenting plan the same day, and the hearing did not occur. The final parenting plan awarded Avanlee primary custody of A.M.O. and granted Sebastian parenting time two weekends per month. The final parenting plan is silent as to restrictions on Keitel's contact with A.M.O.

2

¶6     The District Court denied Keitel's motion to intervene on July 10, 2023. The court explained that the statute Keitel cited—§ 40-9-102, MCA—granted neither an unconditional nor a conditional right to intervene. Further, the court held that Keitel failed to follow the procedure outlined in § 40-9-101, MCA, which begins with the grandparent filing a separate petition. Because Keitel had not filed a separate petition, and § 40-9-102, MCA, did not grant Keitel a conditional right to intervene, the court denied Keitel's motion.

¶7     Excepting questions of law that we consider de novo, we review a district court's order on a motion to intervene for abuse of discretion. *In re U.A.C.*, 2022 MT 230, ¶ 9, 410 Mont. 493, 520 P.3d 295 (citation omitted). Keitel argues the District Court abused its discretion when it denied his motion to intervene pursuant to M. R. Civ. P. 24. He contends his constitutional due process rights were violated. Avanlee responds that Keitel has not demonstrated that he is afforded any interest in the custody matter pursuant to § 40-9-101, MCA. Sebastian has not made an appearance in this appeal.

¶8     Under M. R. Civ. P. 24, a party may intervene as a matter of right or by permission of the court. A person must be allowed to intervene in an action who "is given an unconditional right to intervene by statute[.]" M. R. Civ. P. 24(a)(1). Alternatively, the court may in its discretion, on a timely motion, permit a party to intervene who: "(A) is given a conditional right to intervene by statute; or (B) has a claim or defense that shares with the main action a common question of law or fact." M. R. Civ. P. 24(b)(1).

¶9     "Natural parents have a fundamental constitutional right to make decisions concerning the care, custody, and control of their children." *In re L.R.S.*, 2018 MT 48, ¶ 8, 390 Mont. 366, 414 P.3d 285 (citing *Polasek v. Omura*, 2006 MT 103, ¶¶ 14-15, 332 Mont. 157, 136 P.3d 519) (internal quotations omitted). "[I]t is presumed that a fit parent's wishes are in the best interests of the child." *In re L.R.S.*, ¶ 8 (citing *In re C.T.C.*, 2014 MT 306, ¶ 14, 377 Mont. 106, 339 P.3d

3

54) (internal quotations omitted). A parenting plan proceeding is, by statute, ordinarily between the natural parents of a child. *See* § 40-4-211(4)(a), MCA. Although a person other than a parent may file such a petition "if the person has established a child-parent relationship with the child," the statute does not grant a third party a conditional or unconditional right to intervene in the parents' parenting proceeding. Section 40-4-211(4)(b), MCA.

¶10 The statute on which Keitel relied in his motion to intervene, § 40-9-102, MCA, allows a court to grant to a grandparent "reasonable rights to contact with the child[.]" A proceeding for grandparent-grandchild contact under this section must be commenced by petition entitled, "In re the grandparent-grandchild contact of . . . ." Section 40-9-101(2), MCA. Section 40-9-101(3), MCA, requires, "The initial pleading in all proceedings under this section and 40-9-102 must be denominated a petition."

¶11 "The proper way to establish grandparent visitation is by filing a petition under § 40-9-102(1), MCA, . . . and then meeting the statutory criteria for such under Title 40, Ch. 9, MCA." *Fritzler v. Bighorn*, 2024 MT 27, ¶ 13, 415 Mont. 165, ___ P.3d ___ (holding that a municipal court erred in ordering grandparent visitation in a permanent order of protection). Section 40-9-102, MCA, does not provide the right to intervene that Keitel seeks. He has not filed a petition for grandparent-grandchild contact under § 40-9-101, MCA. And the provision in the interim plan that gave rise to his objections was not included in the final parenting plan. Keitel did not have a right to intervene in the parenting plan action, and the District Court did not abuse its discretion by denying his motion.[1]

¶12 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case

---

[1] Because our determination that Keitel did not follow the procedure required by §§ 40-9-101 and -102, MCA, resolves the issue he raises on appeal, we do not address Keitel's other arguments.

presents a question controlled by settled law or by the clear application of applicable standards of review. We affirm.

/S/ BETH BAKER

We Concur:

/S/ JAMES JEREMIAH SHEA
/S/ DIRK M. SANDEFUR
/S/ JIM RICE

Justice Ingrid Gustafson recused herself from this Opinion and did not participate in this matter.