DA 07-0116

IN THE SUPREME COURT OF THE STATE OF MONTANA

2008 MT 412

JACK THIBODEAU and ROBERT GILLIES,

        Plaintiffs and Appellees,

   v.

JOSEPH J. BECHTOLD and CHERIE ANTHONY-BECHTOLD,

        Defendants and Appellants.

APPEAL FROM:    District Court of the Fourth Judicial District,
                  In and For the County of Missoula, Cause No. DV 02-1064
                  Honorable Edward P. McLean, Presiding Judge

COUNSEL OF RECORD:

        For Appellants:

            Thomas C. Orr, Attorney at Law, Missoula, Montana

        For Appellees:

            Darrel L. Moss, Sullivan, Tabaracci & Rhoades, Missoula, Montana

                                Submitted on Briefs:  December 12, 2007

                                      Decided:  December 9, 2008

Filed:

                                    Clerk

Justice John Warner delivered the Opinion of the Court.

¶1 Joseph and Cherie Bechtold (Bechtolds) appeal from a judgment entered in the Fourth Judicial District, County of Missoula, reforming a Warranty Deed and ordering that certain restrictive covenants attach to Parcel D of Missoula County Certificate of Survey 3943.

¶2 In both the District Court and on appeal the parties raise and argue numerous matters, including the application of these facts to the law concerning collateral agreements, recording statutes, consideration for contracts, and merger of agreements. However, upon analysis, this case is not as complicated as the parties attempt to make it and we determine the dispositive issues are two, which we restate as follows:

¶3 Issue 1: Did the District Court err in admitting parol evidence to determine it was a mutual mistake that the deed to Parcel D did not include restrictions on the use of the property?

¶4 Issue 2: Did the District Court err in reforming the deed to Parcel D to include the restrictions, and then enforcing these restrictions against the Bechtolds pursuant to § 28-2-1611, MCA?

## BACKGROUND

¶5 The facts as found by the District Court are as follows. On October 31, 1990, Appellees Jack Thibodeau and Robert Gillies and their spouses jointly purchased 30 acres of land in Missoula County. In 1991 Thibodeau and Gillies realigned the southern boundary of the property and divided the remainder into 5 parcels: A, B, C, D and E as evidenced by Certificate of Survey 3943 (C.O.S. 3943), which was recorded in Missoula County. The Bechtolds are the current owners of Parcels A and D.

2

¶6     At the time they subdivided the land, Thibodeau and Gillies agreed that if any of the five parcels were sold, certain restrictions on the use of the parcels would be placed in the deeds transferring title. On July 25, 1991, Dwain and Sharon Dailey purchased Parcel A. The transfer of Parcel A was made subject to the restrictions agreed on by Thibodeau and Gillies, and these restrictions were included in the Warranty Deed by attaching an Exhibit A. These restrictions included a prohibition of commercial uses and obnoxious activities or noises. The restrictions also limited the total number and type of animals allowed on the property. On August 29, 1994, the Daileys sold Parcel A to the Bechtolds, conveying title by means of a warranty deed, subject to the same restrictions.

¶7     As part of the dealings between Thibodeau and Gillies, the title to Parcel D was in Gillies' name. The Bechtolds assert that during all times pertinent to this case, Thibodeau acted as Gillies' agent. Neither Thibodeau nor Gillies contest this fact. During the Spring of 1999, Thibodeau and Gillies decided to sell Parcels D and E. The Bechtolds inquired about the possibility of purchasing Parcels D and E. Aware of the Bechtolds' previous disregard of Parcel A's restrictions, Thibodeau orally informed the Bechtolds that any transfer of Parcels D and E would be subject to the same restrictions as Parcel A.

¶8     On September 28, 1999, Gillies and the Bechtolds entered into a Buy-Sell agreement for Parcel D. The Buy-Sell agreement stated it constituted the entire agreement between the parties, and superseded any written or oral agreements. The Buy-Sell agreement did not reference the restrictions at issue. However, Thibodeau brought a written copy of these restrictions to the meeting with the Bechtolds where the Buy-Sell agreement was signed.

3

Thibodeau and the Bechtolds discussed the restrictions and the Bechtolds agreed Parcel D would have the same restrictions as Parcel A.

¶9 To complete the closure of the transaction on Gillies' behalf, Thibodeau delivered a copy of the restrictions to a closing agent with instructions to attach them to the Warranty Deed. However, due to a mistake of either the title company or the closing agent, the restrictions were attached to a Deed of Trust—which secured a loan the Bechtolds obtained from a bank in order to pay the purchase price—instead of being attached to the deed conveying Parcel D to the Bechtolds. The Deed of Trust, signed by the Bechtolds at closing, was recorded along with the Warranty Deed. The Bechtolds made no objection to the inclusion of the restrictions in the closing documents or to the recording of the restrictions as a part of the Deed of Trust.

¶10 Thibodeau and Gillies filed a complaint, asking the District Court to issue an injunction enforcing the restrictions on both Parcels A and D because the Bechtolds were violating the restrictive covenants. They later filed a motion for summary judgment. The District Court granted the motion with respect to Parcel A and ordered the Bechtolds to comply with Parcel A's restrictions. However, it denied summary judgment with respect to Parcel D. The question of whether the restrictions were attached to Parcel D, and whether Thibodeau and Gillies could enforce them against the Bechtolds, proceeded to trial before the District Court sitting without a jury.

¶11 At trial, Thibodeau testified about informing the Bechtolds the restrictions would apply to Parcel D on at least two occasions. He testified the Bechtolds agreed to purchase

4

the property subject to the restrictions. He related to the court how he mistakenly failed to include the restrictions in the Buy-Sell agreement. He described his giving the title company instructions to include the restrictions in the deed conveying Parcel D from Gillies to the Bechtolds. In addition, a neighbor testified that Joseph Bechtold told her he was aware that when he purchased Parcel D, it would have the same restrictions as Parcel A and he would be a "good neighbor" and comply with the restrictions.

¶12    The District Court found the testimony of Thibodeau and Gillies' witnesses to be credible. Relying on the testimony and documentary evidence introduced by Thibodeau and Gillies, the District Court, *inter alia*, concluded that the parties agreed Parcel D would be sold to the Bechtolds subject to the same deed restrictions as Parcel A, and that these restrictions were omitted from the deed conveying Parcel D by a virtue of a mutual mistake.

¶13    The District Court reformed the Warranty Deed to include the restrictions in question, entered judgment in favor of Thibodeau and Gillies, and also ordered the Bechtolds to comply with the restrictions on both Parcels A and D. The Bechtolds appeal.

## STANDARDS OF REVIEW

¶14    This Court reviews conclusions of law for correctness. *Galassi v. Lincoln County Bd. of Com'rs*, 2003 MT 319, ¶ 7, 318 Mont. 288, ¶ 7, 80 P.3d 84, ¶ 7. We review the findings of fact entered by a district court sitting without a jury to determine if they are clearly erroneous. *See* M. R. Civ. P. 52(a). To determine if findings of fact are clearly erroneous, this Court will first review the record to see if the findings are supported by substantial evidence. Second, if the findings are so supported, we will determine if the trial court

5

misapprehended the effect of evidence. Third, if substantial evidence exists and the effect of the evidence was not misapprehended, we may still conclude a finding is clearly erroneous when, although there is evidence to support it, a review of the record leaves this Court with the definite and firm conviction the district court made a mistake. *Interstate Production Credit v. DeSaye,* 250 Mont. 320, 323, 820 P.2d 1285, 1287 (1991).

¶15    We will not disturb a court's evidentiary rulings absent an abuse of discretion. *Fox Grain and Cattle Co. v. Maxwell*, 267 Mont. 528, 538, 885 P.2d 432, 438 (1994).

## DISCUSSION

¶16    *Issue 1: Did the District Court err in admitting parol evidence to determine it was a mutual mistake that the deed to Parcel D did not include restrictions on the use of the property?*

¶17    The pre-trial order, which superseded prior pleadings and was signed by counsel for the parties and the district judge, listed as issues to be tried: (1) Thibodeau and Gillies' contention the restrictions were attached to the Deed of Trust and not the Warranty Deed by mistake; (2) whether the Warranty Deed from Gillies to the Bechtolds should be reformed to include the restrictions; and, (3) whether it was the court's equitable duty to reform the Warranty Deed to reflect the true and correct agreement between the parties.

¶18    The Bechtolds claim the District Court erred in admitting parol evidence to reform the deed to Parcel D to include the restrictions on the use of the land. Thus, according to the Bechtolds, the District Court was precluded from enforcing the restrictions on Parcel D.

6

¶19 Whenever the terms of an agreement are reduced to writing by the parties, the writing is considered as containing all those terms and there can be no evidence of the terms of the agreement other than the contents of the writing. Section 28-2-905(1), MCA. However, extrinsic evidence may be admitted when a mistake or other imperfection of the writing is put in issue by the pleadings. Section 28-2-905(1)(a), MCA. The credibility of the witnesses and the weight given their testimony is a determination for the district court. *Voyta v. Clonts*, 134 Mont. 156, 167, 328 P.2d 655, 662 (1958).

¶20 The extrinsic evidence offered by Thibodeau and Gillies was for the purpose of proving Gillies' and the Bechtolds' original intent in entering into the Buy-Sell agreement and their original intent regarding the transfer of Parcel D to the Bechtolds. It was introduced to prove that, by virtue of a mutual mistake, the deed did not contain the agreed upon restrictions. Thus, this evidence falls squarely within the exception to the parol evidence rule codified in § 28-2-905(1)(a), MCA, noted above. The District Court did not err in admitting parol evidence.

¶21 *Issue 2: Did the District Court err in reforming the deed to Parcel D to include the restrictions and then enforcing them against the Bechtolds pursuant to § 28-2-1611, MCA?*

¶22 Section 28-2-1611, MCA, provides:

> When, through fraud or a mutual mistake of the parties or a mistake of one party while the other at the time knew or suspected, a written contract does not truly express the intention of the parties, it may be revised on the application of a party aggrieved so as to express that intention, so far as it can be done without prejudice to rights acquired by third persons in good faith and for value.

7

The record in this case reveals no third parties acquiring rights in Parcel D. The steps to reformation are:

> There is a prior understanding of the parties; the parties execute a written contract; somewhere and sometime between the understanding reached and the actual creation of the written instrument, a mistake occurs. It occurs in reducing to writing the agreement which the parties have intended. Obviously the alleged mistake must relate to something then in the contemplation of the parties. The fault sought to be corrected is that the executed written instrument does not reflect the actual and true understanding of the parties. This is a cardinal principle in the field of reformation for mutual mistake. Then, and only then, can the powers of equity be invoked to correct the mistake.

*Voyta*, 134 Mont. at 166, 328 P.2d at 661 (quoting *Restatement of Contracts*, § 504 (1932)).

Thus, if the true intention of the parties was to include the restrictions, the deed from Gillies

to the Bechtolds for Parcel D may be reformed to include the restrictions.

¶23    To reform a deed because of a mistake, the mistake must be established by clear, convincing, and satisfactory evidence. *Voyta*, 134 Mont. at 166, 328 P.2d at 661. Clear and convincing evidence is not a mere preponderance of evidence but a preponderance of evidence that is definite, clear, and convincing. Clear and convincing does not mean unanswerable or conclusive evidence or evidence beyond a reasonable doubt. *In re G.M.*, 2008 MT 200, ¶ 23, 344 Mont. 87, ¶ 23, 186 P.3d 229, ¶ 23.

¶24    We held in Issue 1 that the District Court did not err in admitting extrinsic evidence to prove the intention of the parties because it was introduced to show mutual mistake. The Bechtolds, however, claim the evidence proving mutual mistake is not clear and convincing, and thus the judgment must be reversed and the complaint dismissed.

8

¶25 The District Court did not specifically state that it found mistake by clear and convincing evidence. However, on appeal, the Bechtolds do not fault the District Court for not using the phrase "clear and convincing." The Bechtolds' claim on appeal is that the quantum of proof supplied to the District Court is insufficient to meet the clear and convincing evidence standard.

¶26 The three-part test announced in *DeSaye*, referred to in ¶ 14 above, is used to determine if a finding of fact is clearly erroneous in a case where clear and convincing evidence is the standard of proof. *In re. G.M.*, ¶¶ 22-23; *See Cartwright v. Equitable Life Assur.*, 276 Mont. 1, 28, 914 P.2d 976, 993 (1996).

¶27 The District Court found as matters of fact: (1) Thibodeau informed Joseph Bechtold in Spring of 1999 that, upon a sale, Parcel D would be made subject to the same restrictions as Parcel A; (2) Thibodeau confirmed with the Bectholds at the meeting where the Buy-Sell agreement was signed that Parcel D would be subject to the same restrictions as Parcel A; (3) the Bechtolds agreed that Parcel D would be subject to the restrictions; (4) Thibodeau delivered the closing documents to the title agent with instructions to attach the restrictions to Parcel D's deed; (5) the Bechtolds' neighbor spoke with Joseph Bechtold about these same restrictions and he promised to comply with them; and, (6) the Bechtolds made no objection to the inclusion of the restrictions in their closing documents. The Deed of Trust, signed by the Bechtolds, stated the very restrictions at issue here were attached to the property. Against this proof stands only the deposition testimony of Joseph Bechtold that he remembered several conversations with Thibodeau but not their contents and then his

9

conflicting testimony at trial he had no conversations with Thibodeau at all concerning Parcel D's restrictions.

¶28 We conclude the record reveals the findings of fact of the District Court are supported by substantial evidence, the trial court has not misapprehended the effect of the evidence, and we are not left with a definite and firm conviction the District Court made a mistake. The facts found by the District Court are not clearly erroneous.

¶29 Generally, it is more appropriate for the District Court to clearly state it reformed a deed because it found by clear and convincing evidence a mistake occurred. Failure to refer to this standard of proof could be grounds for remand or outright reversal under some circumstances. However, the Bechtolds cite no portion of the record—nor can we find any—where they requested the District Court to include the words "clear and convincing" in its findings of fact or conclusions of law. The Bechtolds do not point to any place in the record where they argued to the District Court that Thibodeau and Gillies failed to satisfy the clear and convincing standard of proof. The Bechtolds' argument that the evidence was insufficient to meet the clear and convincing standard of proof is made for the first time on appeal. It has long been the rule in Montana that we will not consider arguments raised for the first time on appeal. *State v. Rosling*, 2008 MT 62, ¶ 76, 342 Mont. 1, ¶ 76, 180 P.3d 1102, ¶ 76. The underlying principals behind this rule are judicial economy and fairness to the trial courts and the parties. *State v. West*, 2008 MT 338, ¶¶ 16-17, 346 Mont. 244, ¶¶ 16-17, 194 P.3d 683, ¶¶ 16-17. Our review shows the District Court's findings of fact are not

clearly erroneous and, under these circumstances, we conclude reversing judgment would be unfair to the District Court as well as Thibodeau and Gillies.

¶30    The District Court did not err in reforming the Warranty Deed to include the restrictions because the writing did not reflect the actual and true understanding of the parties. *See Restatement of Contracts*, § 504.

## CONCLUSION

¶31    The District Court did not err in admitting extrinsic evidence to prove the deed restrictions were omitted from the deed conveying Parcel D by mutual mistake. The District Court did not err in reforming Parcel D's deed to include these restrictions and ordering the Bechtolds to abide by them.

¶32    Affirmed.

/S/ JOHN WARNER

We Concur:

/S/ BRIAN MORRIS
/S/ PATRICIA COTTER
/S/ W. WILLIAM LEAPHART
/S/ JIM RICE